# McLaren *v.* Alabama Midland Railway Company.

*Action by Passenger for Personal Injuries.*

1 *Contributory negligence in boarding train.*—In an action for personal injuries sustained in striking against a high platform while boarding a train, evidence that plaintiff stood near by for two minutes while the train was waiting; that the conductor gave the signal "All aboard" before the train started; that when plaintiff attempted to board the train it was moving several miles per hour; that he knew of the dangerous proximity of the platform, but did not "have the matter in his mind at the time;" and that the conductor had often warned him not to board a moving train,—shows that plaintiff was negligent.

2. *Error without injury.*— Where, in an action for personal injuries, the evidence shows that plaintiff was negligent, he cannot complain of error in the admission and exclusion of evidence which could not have affected the result.

[McLaren v. Alabama Midland Railway Co.]

APPEAL from the Circuit Court of Crenshaw.
Tried before the Hon. JOHN R. TYSON.

This action was brought by the appellant, J. C. McLaren, against the Alabama Midland Railway Company; and sought to recover damages for personal injuries, which were alleged to have been inflicted by reason of the defendant's negligence. There was judgment for the defendant, and plaintiff appeals.

The only assignment of error, which is considered by the court, is based on an exception reserved to the Circuit Court's giving the general affirmative charge for the defendant. The facts having reference to this question are sufficiently stated in the opinion.

I. H. PARKS, for the appellant.—Contributory negligence when pleaded alone is an admission of negligence on the part of defendant.—*L. & N. R. R. Co. v. Hall*, 87 Ala. 709. The contributory negligence, if any existed, must have been the cause of the accident or injury.—*Holland v. Ten. Coal & Iron Co.*, 91 Ala. 444. The plaintiff in this case was not guilty of contributory negligence from the mere fact that he did not get on the train when it first stopped at the station, because he had the right to remain on the platform for the purpose of taking care of his machinery, &c., and giving instructions to defendant's agents as to how it should be shipped. He is not chargeable with contributory negligence on account of stopping to talk with Campbell at the west side of the platform, because the passenger coach was not then in position to receive him, being situated about forty feet from the road crossing. He was at the right place to board the passenger coach, and at exactly the right time, when said coach came to the right place for him to do so. It was not his duty to have gone down the track to board the train before it came to the regular place for receiving passengers. He had the right to choose the first-class coach. He did not contribute to his injury by attempting to board the train while moving at the rate of speed as shown by the testimony in the record, especially as he was invited by the conductor to do so when he called out "All aboard," and gave the signal to the engineer.—*M. & E. R. R. Co. v. Stewart*, 91 Ala. 421; *C. R. B. Co. v. Miles*, 88 Ala. 256. It was the duty of defendant's agent in charge of the train of cars to have given plaintiff a safe opportunity to board its train as a passenger by stopping its regular passenger coach at the crossing of the dirt road. It was also the duty of the defendant to have constructed its platform in regard to the safety of its passengers, and failing to do so in this

[McLaren v. Alabama Midland Railway Co.]

instance, was liable to plaintiff for any injury accruing to him thereby.—*Ga. Pac. R. R. Co v. Daniel* 92 Ala. p. 300; *L. & N. R. R. Co. v. Hall*, 87 Ala. 708; *Watson v. E. T. V. & G. R. R. Co.*, 94 Ala. 634. The onus of proof as to contributory negligence is in all cases on the defendant.—*L. & N. R. R. v. Davis*, 92 Ala. The question of negligence or contributory negligence in any case should be left to the determination of the jury as a question of fact, unless the evidence is free from conflict, and the inferences to be drawn from it are clear and certain.—*L. & N. R. R. Co. v. Perry*, 87 Ala. 392; *Richmond & Danville R. R. Co. v. Maggie L. Powers et al.*, 149 U. S. 43.

A. A. WILEY for the appellee.—It is evident that the plaintiff, by the exercise of ordinary prudence, could have prevented the accident.—*Finlayson v. Chicago, Burlington & Quincy R. R. Co.*, 1 Dillon, 579; *Railroad Co. v. Jones*, 95 U. S. 439; *Bellefontaine Ry. Co. v. Hunter*, 33 Ind. 335; *Pa. R. R. Co. v. Aspell*, 23 Pa. St. 147; 53 Ill. 510; 86 Ill. 467; *Marion v. Erie Ry. Co.*, 56 N. Y. 302; 21 Minn. 293. When a railroad train has stopped at a regular station, running on schedule time on its accustomed journey, long enough to afford passengers a reasonable opportunity with due care and diligence to get on or off a train before it starts on its journey, the employes of the railroad owe no duty to passengers either to see or know that they have alighted from or boarded the train before it is put in motion.—*M. & E. R. R. Co. v. Stewart*, 91 Ala. 421; *Smith v. Birmingham Union Ry. Co.* 90 Ala. 60; *Central R. R. Co. v. Letcher*, 69 Ala., 106; *Thompson v. Duncan*, 76 Ala. 334; *Railroad Co. v. Hawk*, 72 Ala., 112; *Railway Co. v. Bridges*, 86 Ala. 448. The plaintiff was guilty of contributory negligence, which will bar a recovery, in attempting to board a train moving with accelerating speed of from five to seven miles an hour, particularly in dangerous proximity to a dangerous platform or structure, at a place of obvious danger, and in such position or posture as to make collision with the platform almost inevitable.—*C. & W. R. R. Co. v. Bradford*, 86 Ala. 574; *M. & C. R. R. Co. v. Womack*, 84 Ala. 149; *Carrington v. L. & N. R. R. Co.*, 88 Ala. 476; *Gothard v. Ala. Gt. So. R. R. Co.*, 67 Ala. 114; *Ga. Pac. R. R. Co. v. Blanton*, 84 Ala. 154; Shearman & Red. Neg. § 283. The plaintiff was perfectly familiar with all the surroundings. He had lived at Julian for several years, but was not thinking of the platform at the time he attempted to board the train. This does not excuse him. Forgetfulness of danger or absence of thought

[McLaren v. Alabama Midland Railway Co.]

is no excuse for a failure to look or listen. Shearman & Redfield on Negligence, Vol. 2, Sec. 476; also Sec. 481; Thomp. Car. & Pas. 267; *Griswold v. Chicago*, 64 Wisc. 652; Shearman & Redfield on Negligence, Vol. 2, Sec. 579; *McCall v. N. Y. Central R. R. Co.*, 54 N. Y. 642; *Glendening v. Sharp*, 22 Hun., 78; *Terre Haute R. R. Co. v. Clarke*, 73 Ind. 168; *Carroll v. Minn. Valley R. R. Co.*, 13 Minn., 30; *Rothe v. Milwaukee R. R. Co.*, 21 Wisc. 256; *Kellogg v. N. Y. Central R. R. Co.*, 79 N. Y. 72; *Houston R R. Co. v. Richards*, 59 Tex. 330; *Baltimore & Ohio R. R. Co. v. Depew*, 40 Ohio S. 121; *Finlayson v. Chicago Burlington & Quincy R. R. Co.* 1 Dillon, *supra*. This freight platform was on defendant's right of way, and was used regularly in defendant's lawful business. It was not of itself negligence on defendant's part so as to render the company liable for injury to the plaintiff.—*Chicago R. I. P. R. Co. v. Clark*, 108 Ill. 113. Getting on or off a vehicle while in motion is a familiar instance of negligence in the plaintiff, almost always fatal to a recovery for an injury, even when sustained in part from the negligence of the carrier at the same time. Getting on a starting railroad car, whose motion is accelerating, is usually more dangerous than getting off a car which is coming to a stop.—Shearman & Redfield on Negligence, Vol. 2, Sec. 520, and authorities there cited; *Blodgett v. Bartlett*, 50 Geo. 353; *Morrison v. Erie R. Co.*, 56 N. Y. 302; *Burrows v. Erie R. Co.*, 63 N. Y. 556; *Davis v. Chicago Etc. R. Co.*, 18 Wisc., 175; *Houston & T. C. R. R. Co. v. Leslie*, 57 Tex. The court below did not err in giving the affirmative charge.—*Finlayson v. Chicago, Burlington & Quincy R. R. Co.* 1st Dillon 579, *supra*; *Central R. R. & Bkg. Co. v. Letcher*, 69 Ala. 106; *Railroad Co. v. Jones* 95 U. S. 439. *E. T. V. & Ga. R. R. Co. v. Kornegay*, 92 Ala. 228; *C. & W. Ry. Co. v. Bradford*, 86 Ala. 574. When the uncontroverted facts of the case show contributory negligence it is proper for the court as a matter of law to rule that the plaintiff cannot recover.

COLEMAN, J.—The action was to recover damages for personal injuries. There are three assignments of error, two of which relate to the ruling of the court upon the admission and exclusion of testimony, and one, to the charge of the court, which directed the jury to find the issue for the defendant.

The facts show a clear case of contributory negligence on the part of the plaintiff, and the result would be the same, with the evidence excluded to the introduction of which an objection was reserved, or with the evidence ad-

mitted, which was excluded against the objection of the plaintiff.

The negligence complained of was the construction of a platform so near the road track, that plaintiff while upon the steps attempting to board the train as a passenger was brought violently against the edge of the platform and injured. The complaint also avers that the train did not remain at the depot a sufficient length of time to enable plaintiff to get aboard the train with safety. The evidence is without conflict, that the train gave all parties ample time to get aboard, that after plaintiff had completed the delivery of his freight for shipment he stood talking with the witness Campbell within twenty steps of the train, on his private business for two minutes, a longer time than was necessary for him to have safely got on the train, that the conductor gave the signal "all aboard" before the train was moved, and he had ample time then to have taken passage. True plaintiff says he is hard of hearing and did not hear the conductor, but a number of disinterested witnesses testified they heard it, including plaintiff's own witness. The witness Campbell to whom plaintiff was talking at the time heard the conductor call out "all aboard."

The space between the platform and the car was nine and three quarter inches. The injury occurred in the open daylight. Plaintiff testified that he "had lived at the station for five years, knew of the location and construction of the platform, of the dangerous proximity of said platform to the road crossing, its nearness to trains when on the track, standing or moving, but *did not have the matter in his mind, at that time, as it was occupied with other things.*" We have italicized a part of plaintiff's evidence as it brings his case squarely within the rule declared in *Hall v. L. & N. R. R. Co.*, 87 Ala. 719-720. The evidence shows conclusively and plaintiff admits it in his own testimony, that at the time he attempted to board the train it was moving forward at the rate of "two or three miles an hour or faster," while others fix the speed at five or six miles per hour. The evidence shows conclusively that rather than enter the second car, which was convenient, or walk a few steps to where the passenger car was standing, plaintiff voluntarily preferred to wait until the car moved up to where he was standing, feeling confident that he could step safely on, while it was moving forward. It seems that he had pursued this course frequently at other times against the warning and protest of the conductor. We have no reason to doubt the truth of the statement of the witness who says that immediately after

[Alabama Midland Railway Co. v. Martin & Bro.]

plaintiff was injured, he said "I thought I was young and supple enough to board a moving train, but find I am mistaken, I find I am growing old." The truth of this evidence is not disputed. The danger of the attempt was obvious. The risk was assumed, voluntarily, without the knowledge of the defendant, when there was no necessity for it, but purely as a matter of preference.—*R. R. Co. v. Miles*, 88 Ala. 256; *Montgomery & Eufaula R. R. v. Stewart*, 91 Ala. 422; *Ricketts v. Bir. S. R. R. Co.*, 85 Ala. 600.

Affirmed.