# Christian *v.* Denmark.

*Action for Damages for Fraud and Deceit.*

(Decided June 16, 1908.   47 South. 82.)

1. *Limitation of Action; Fraud; Discovery of.*—Where the fraud alleged to have been practiced by the misrepresentations as to the title of land was discovered by the defrauded party more than a year before the commencement of the action to recover damages for the fraud, the action is barred by the statute of limitations of one year.

2. *Appeal and Error; Harmless Error.*—Where one party is entitled to the general affirmative charge no error results to the prejudice or injury to the other party on other matters assigned as error.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY,

Action by W. A. Christian against Wylie Denmark for fraud and deceit for misrepresenting the condition of the titles to land, the growing timber on which defendant sold to plaintiff.   Judgment for defendant and plaintiff appeals.   Affirmed.

R. W. STOUTZ, and ALEXANDER T. HOWARD, for appellant.   The court erred in giving the affirmative charge for the plaintiff on the theory that the fraud was discovered more than a year before the bringing of this suit.—*Henry v Allen,* 93 Ala. 197; 25 Cyc. 1193; 59 Am. Rep. 838; 23 Kan. 38.   Counsel discuss other assignments of error not touched on in the opinion.

McINTOSH & RICH, for appellee.   On the evidence in this case, the action is barred by the statute of limitations of one year.—Section 2813, Code 1896, and authorities cited.   *Foster v. Johnson,* 70 Ala. 249.   If this is true, all other errors assigned are without injury.—

[Christian v. Denmark.]

*Calhoun v. Hannon,* 87 Ala. 277; *Glass v. R. R. Co.,* 94 Ala. 581; *McLaurin v. R. R. Co.,* 100 Ala. 506; *Pullian v. Schimpf,* 109 Ala. 179.

DOWDELL, J.—This is an action for damages for fraud and deceit. The alleged fraud consisted in the misrepresentation of title and ownership by the defendant of land upon which growing timber was sold by the defendant to the plaintiff. The said sale is averred in the complaint to have been made on the 26th day of July, 1905, at and prior to which time the alleged misrepresentations were made. The suit was begun on the 16th day of August, 1907. Two pleas were filed—the general issue and the statute of limitations of one year. Issue was joined on the first plea, and replication was filed to the plea of the statute of limitations, averring that the fraud was not discovered until within a year before the commencement of the suit. On this replication issue was joined.

The evidence without conflict showed that the misrepresentation or fraud, if any was committed, was discovered by the plaintiff within two or three months after the sale, and more than a year before the commencement of the suit. Indeed, this is shown by the plaintiff's own testimony. On this undisputed evidence, the defendant was entitled to the general affirmative charge requested, which was given by the court. The defendant being entitled to the general charge under the evidence on the issue as made up on the plea of the statute of limitations, no prejudice or injury resulted to the plaintiff on other matters assigned as error on the record.—*Foster v. Johnson,* 70 Ala. 249; *Calhoun v. Hannan,* 87 Ala. 277, 6 South. 291; *McLaren v. R. R. Co.,* 100 Ala. 506, 14 South. 405; *Thompson v. Gray,* 82 Ala. 291, 3 South. 38; *City of Eufaula v. Simmons,* 86 Ala. 512, 6 South.

47; *Glass v. R. R. Co.*, 94 Ala. 581, 10 South. 215; *Pulliam v. Schimpf*, 109, Ala. 179, 16 South. 428; Mayfield's Dig. vol. 2, p. 177, § 872. We find no reversible error in the record, and the judgment appealed from must therefore be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.