# Emmett, *et al. v.* Hooper.

## *Assumpsit.*

(Decided Dec. 17, 1908. 47 South. 1006.)

1. *Bills and Notes; Action; Proof; Variance.*—In an action on two notes a plea alleged that the consideration of both was plaintiff's promise to keep sufficient money in the hands of a brokerage company to prevent defendant's future cotton contract from being sold or closed out, and the evidence showed that one of the notes was given for money loaned defendant to cover losses on the cotton theretofore sustained by him, the plea and proof was at variance and plaintiff was entitled to recover.

[Emmett, et al. v. Hooper.]

2. *Appeal and Error; Harmless Error; Instructions.*—Where plaintiff on the whole case was entitled to recover, written instructions given at his request, although erroneous, will not work a reversal of the judgment.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by J. F. Hooper against J. P. Emmett and others. From a judgment for plaintiff, defendants appeal. Affirmed.

GOODHUE & BLACKWOOD, for appellants. Counsel cite the following case in support of their insistence that the court erred in the charges given.—*Markham v. Joudon*, 41 N. Y. 235; *Stenton v. Jerome*, 54 N. Y. 480; *Gillett v. Whitting*, 120 N. Y. 402; *Baker v. Drake*, 66 N. Y. 518; *Gruman v. Smith*, 81 N. Y. 25; 26 A. & E. Ency. Law, 1061; *Butcher v. Krauth*, 14 Bush. 713; 4 A. & E. Ency. Law, 963.

STREET & ISBELL, for appellees. In support of their insistence that there is no error in the record, counsel cite. 4 A. & E. Ency. Law, 968; 1 Ib. 1063; *Pearson v. Hooper*, in Ms.; *Polack v. Grant*, 69 Ala. 373; *Brigham v. Carlisle*, 78 Ala. 243; *Watson v. Kirby*, 112 Ala. 436.

DENSON, J.—This action is founded on two notes executed by the defendants to the plaintiff. The cause was tried on pleas 6, 9, 10, and 12. Plea 6 avers want of consideration. Plea 9 avers in substance that plaintiff, at defendant Emmett's request, caused A. Norden & Co., brokers, and plaintiff's agents, to buy in their name, in New York, for Emmett's benefit, a cotton future contract for 100 bales of cotton; that by the contract Norden & Co., had the right to close the contract if plaintiff failed to keep in their hands sufficient margins to protect them against loss; that the considera-

tion of the notes sued on was the promise of the plaintiff that he would keep in the hands of Norden & Co., sufficient margins to keep the contract from being sold; that plaintiff violated said contract by failing to keep such margins in the hands of Norden & Co.; and that, in consequence thereof, Norden & Co., did sell said contract at a loss of $2,000 to defendant Emmett. Pleas 10 and 12 are practically the same as plea 9; each averring that the consideration of the notes sued on was the promise on the part of the plaintiff to keep in force said contract for the cotton futures. Damages are claimed in pleas 9, 10, and 12, as consequent upon the alleged breach of the contract. Plaintiff was awarded judgment in the court below, and the defendants appeal.

Plea 6 is unsupported by any evidence in the record. The evidence is without conflict to the effect that the first note was given for money loaned to Emmett to cover losses on 100 bales of cotton, theretofore sustained by him. In this state of the case, and pretermitting notice of the evidence in respect to the consideration of the second note, it is obvious that there is a fatal variance between the averments of the pleas and the evidence. In other words, the defendants failed to prove the material averment of the pleas viz., that the consideration of the notes (both notes) was "the promise of plaintiff that he would keep in the hands of Norden & Co., sufficient money to keep the contract from being, sold." It must follow, from the foregoing, that the plaintiff was entitled, upon the whole case, to the general charge with hypothesis in his favor. For this reason the judgment must be affirmed, notwithstanding the court may have committed error in respect to charges given at the request of the plaintiff, as insisted by the appellants.—*Mizell v. Southern Railway Co.,* 132 Ala. 504, 31 South. 86.

Another reason might be suggested in support of the conclusion reached above namely, that the testimony shows the defendants suffered no damage by the closing out of the contract by Norden & Co.; but the first consideration is sufficient.

The judgment appealed from is affirmed.

Tyson, C. J., and Dowdell and Simpson, JJ., concur.