# Anniston Cordage Co. *v.* W. U. Tel. Co.

*Mistake in Transmission of Message.*

(Decided May 12, 1909.   49 South. 770.)

1. *Telegraphs and Telephones; Error in Transmission; Right of Addressee to Sue.*—If a message is sent for the benefit of the addressee, and such fact is known to the telegraph company when the message is received for transmission, the addressee may sue in tort for damages resulting from an erroneous transmission of a message.

2. *Same.*—Where the telegram was in the following words: "Offer thirty thousand three and four ply eighths sixteen half. Quick reply." It did not of itself charge the company with knowledge that the addressee was the party for whose benefit the message was sent.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by the Anniston Cordage Company against the Western Union Telegraph Company for error in the transmission of a message addressed to it. Judgment for defendant and plaintiff appeals. Affirmed.

WILLETT & WILLETT, for appellant.—The addressee can sue in tort for the erroneous transmission of a message sent for the benefit of the addressee.—*W. U. Tel. Co. v. DuBois,* 15 Am. St. Rep. 109; *Hayes v. W. U. Tel. Co.,* 106 Amer. St. Rep. 731; *Turner v. Hawkeye Tel. Co.,* 20 Am. Rep. 605; *N. Y. Tel. Co. v. Dryburg,* 78 Am. Dec. 338. As to the measure of damages in a case of this character, counsel cite the following.—*W. U. T. Co. v. Chamblee,* 122 Ala. 428; *same v. Crawford,* 101 Ala. 461; *same v. Flint River L. Co.,* 88 Am. St. Rep. 36: *Cowan v. W. U. Tel. Co.,* 101 Am. St. Rep. 268; *Armstrong v. R. R. Co.,* 123 Ala. 233.

KNOX, ACKER & BLACKMON, and CAMPBELL & WALKER, for appellee.—To entitle a sendee to recover dam-

ages for erroneous transmission, it must appear from the complaint that the sendee either directly or per alium was a party to the contract.—*W. U. Tel. Co. v. Adair,* 115 Ala. 441; *same v. Henderson,* 89 Ala. 510; *same v. Wilson,* 93 Ala. 32; *same v. Cunningham,* 99 Ala. 314; *Postal Tel. Co. v. Ford,* 124 Ala. 401; s. c. 117 Ala. 672; *Daughtery v. Am. U. Tel. Co.,* 75 Ala. 168; *Kinnon & Bro. v. W. U. T. Co.,* 92 Ala. 299. This rule is applicable to actions ex delicto as well as actions ex contractu.—*W. U. T. Co. v. Kirchbaum,* 132 Ala. 535; 4 Mayf. 932. The damages sought were not recoverable in this instance because the telegram did not indicate that it was for the benefit of the sendee, but depended upon a collateral contract not shown to have been communicated to the defendant at the time the message was delivered for transmission.—See authorities cited supra, and *Reid L. Co. v. Lewis,* 94 Ala. 626; *Dean Pumpworks v. Astoria I. Works,* 40 Ore. 83; *Swift v. Warehouse Co.,* 86 Ala. 294; *Lehman-Durr Co. v. Pritchett,* 84 Ala. 512; *Ala. Chem. Co. v. Geiss,* 143 Ala. 591; *Woodstock I. Works v. Stockdale,* 143 Ala. 550; 113 Ala. Ia. 177.

DENSON, J.—This is an action on the case, brought by the sendee of a telegraphic message, to recover damages of the defendant for a negligent mistake of the defendant's agents in transmitting the message from Trio Manufacturing Company, at Forsyth, Ga., to plaintiff at Anniston, Ala. The message delivered at Forsyth was in this language: "Forsyth, Ga., Oct. 2, 1906. Anniston Cordage Company, Anniston, Alabama. Offer thirty thousand three and four ply eighths sixteen half. Quick reply. (Signed) Trio Manufacturing Company." The mistake in the transmission of the message consisted in the substitution of "fifteen" for "sixteen" where it occurred in the message.

[Anniston Cordage Co. v. W. U. Tel. Co.]

The first question presented by the record is the right of the plaintiff, sendee, who was not a party or privy to the contract in pursuance of which the message was sent, to maintain an action in tort for the error committed in transmitting the message. Many questions in respect to the law applicable to the liability of telegraph companies for negligence in transmitting messages have been decided by this court; but we are not aware that the precise question now presented has ever been here determined, notwithstanding appellee's counsel seem to think the case of *Postal, etc., Co. v. Ford,* 117 Ala. 672, 23 South. 684; *Id.,* 124 Ala. 401, 27 South. 409 determinative of the issue in appellee's favor. It will be discovered from a reading of that case that it was an action ex contractu by the sendee, for breach of a contract alleged to have been made by the telegraph company with the sender, for the benefit of the sendee, and as his agent. The court held against the right of recovery, on the ground that the proof failed to show that the message was sent for the benefit of the plaintiff, as alleged. Brickell, C. J., in the opinion, among other things, said: "The right of the sendee to maintain an action for damages against the telegraph company for failure to deliver has been frequently before the court. In England it is held that the sendee in the absence of such facts as make him a party or privy to the contract, has no right of action against the telegraph company." After citation of authorities the opinion continues: "In thus holding the English courts apply to telegraph cases the principle established by them that no cause of action arises in favor of a stranger to a contract because of a breach of duty growing out of a contract."—*Winterbottom v. Wright,* 10 Mess. & Wels. 107.

But the court left undecided the question here in hand, as that was a case ex contractu, and not in tort. The

English doctrine, that the addressee of a telegram message cannot sue the company for error or negligence in its transmission or delivery, because the obligation of the company springs entirely from the contract between it and the sender, and the sendee is not a party or privy thereto, does not prevail generally in this country. The cases are not in harmony upon the question. We have examined them, and conclude that the weight of authority is to the effect that the addressee of a message may sue the telegraph company in his own name, and recover such damages as he may have sustained by reason of its negligence, when the message was intended for his benefit, and the company either had knowledge of that fact or had notice of such facts as would be the equivalent of knowledge. 2 Shearman & Redfield on Neg. (5th Ed.) § 543; Gray, Com. by Tel. § 65; Thompson, Law of Electricity, § 427; Joyce, Electric Law, § 1008; 21 Ency. Pl. & Pr. 509; *Frazier v. W. U. Tel. Co.,* 45 Or. 414, 78 Pac. 330, 67 L. R. A. 319, 2 Am. & Eng. Ann. Cas. 396, and notes.

The case of *Frazier v. Telegraph Co., supra,* is a well-considered one by the Supreme Court of Oregon, and we adopt a part of the opinion in that case as tersely expressing our own views of the law governing the question: "A telegraph company is not a common carrier in the sense that it is an insurer against mistakes in transmission of messages or delay in their prompt delivery; but it is an instrument of commerce and a public service corporation. It therefore owes the duty to those for whose benefit it undertakes to transmit and deliver messages to transmit and deliver them without unreasonable delay. For a violation of this duty, or for a negligent performance thereof, it is responsible to the party for whose benefit the contract was made, whether it be the sender or the addressee. But the right of an addressee to recover is necessarily grounded upon the contract be-

tween the company and the sender, whether the action be in form technically for a breach of contract or one sounding in tort. Without the contract under which the message was forwarded as a foundation for the cause of action, no recovery whatever could be had. In order for the addressee to sue, it is essential, therefore, that it appears that he was to be benefited by the contract for sending the message, and that that fact was known to the company when it received the message for transmission, either from its language or otherwise."

There is no pretense, by averment in either count of the complaint, that the defendant, at the time it received the message for transmission, was given any information that it was for the benefit of the sendee. The question then arises: Is the language of the message sufficient to, convey such information? We think it easy of demonstration that it is not; and it suffices to say, without entering into a discussion of the point, that this court holds that the message, in its wording, is not such as would charge the transmitting company with the information that the sendee is the party for whose benefit it is sent.

Upon the foregoing considerations, it follows that the complaint fails to show any duty owing from the defendant to the plaintiff, or any breach of such a duty. Therefore no error was by the trial court committed in sustaining the demurrer to the several counts of the complaint. It is needless to discuss any other question presented. On the question of damages, however, see *Frazier v. Telegraph Co., supra,* the cases there cited, and the notes to the opinion.

Let the judgment of the city court be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.