# Western Union Tel. Co. v. Jackson.

*Delay in Delivery of Telegram.*

(Decided June 30, 1909. 50 South. 315.)

1. *Telegraphs and Telephones; Delay in Delivery; Action by Addressee.*—An action may be maintained against a telegraph company for negligent delay in delivery of telegram, announcing the death of addressee's father, by the addressee, in tort, without averring a contractual relation between the addressee and the company.

2. *Same; Pleading.*—Where the message announced the death of addressee's father, and was set out in the complaint, it was not necessary that the complaint should allege that it was sent for the benefit of the addressee.

3. *Same;. Damages; Tolls.*—The addressee of a message is not entitled to recover the toll paid for the sending of the message without proof of the contractual relation between him and the telegraph company.

4. *Same; Damages; Mental Suffering.*—Where a messenger boy was authorized to collect charges when written on the message or envelope enclosing the message, and the charges were so written and collected by the messenger boy that delivered the message, such overcharge was recoverable and constituted a basis upon which to add' damages for mental suffering resulting from the delay in delivery.

5. *Same; Agency in Sending; Operator.*—Where the sender could not read and write, and requested the operator to write the message on one of defendant's blanks, and handed her a letter from which to get the address of the sendee, the operator was acting thus far as the agent of the sender, and not of the telegraph company.

6. *Same; Negligence; Jury Question.*—The facts in this case stated and examined, and held to authorize and require a submission to the jury of the question as to whether defendant was negligent in delaying to deliver a death message in time to permit the sendee to be present at the funeral.

7. *Same; Delay.*—Where a telegram was not filed for transmission until after the office hours of the defendant, the defendant was not bound to transmit the message that night, and hence, the addressee, is not entitled to recover damages for being prevented from attending his father's funeral on account of the delay.

8. *Damages; Mental Suffering.*—Where no recoverable damages for injury to plaintiff's person, reputation or estate are alleged, damages for mental suffering are not recoverable.

9. *Pleading; Damages; Demurrer.*—Where items of damages in an action for delay in delivery of telegram other than for mental suffering are claimed, the question as to whether or not they are recoverable cannot be raised by demurrer.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Willie Jackson against the Western Union Telegraph Company for damages for delay in the delivery of a message. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint was in the following language: (1) "Plaintiff claims of the defendant the sum of $1,000. damages. The plaintiff avers that on, to wit, March 8, 1908, the defendant was engaged in the business of transmitting messages for hire, and that on said date Leonard Blair, who is the uncle of the plaintiff, delivered to the defendant's agent to be sent to the defendant over defendant's telegraph line, the following message, to be delivered to this plaintiff at No. 1802 B. street, Bessemer, Ala., which said message is as follows: "Marion, Ala., March 8, 1908. To Willie Jackson (Col.) No. 1802, Bessemer: Your father died this morning at eight o'clock. Come on first train if possible. Answer quick. Leonard Blair." And plaintiff avers that said message was delivered by his said uncle, said Leonard Blair, who paid defendant's agent at Marion, Ala., 37 cents for the transmission and delivery of said message to this plaintiff at said address, and the plaintiff avers that on, to wit, March 9, 1908, at 3:30 p. m. defendant's agent delivered to plaintiff the said message, but not in time for the plaintiff to attend his father's burial, and on delivering the said message to this plaintiff, the defendant's agent, knowing said message had been paid for by the said Leonard Blair, notwithstanding said payment to transmit and deliver to plaintiff's said message, defendant's agent demanded and exacted of plaintiff payment of 75 cents before he was allowed to see or read the contents of said message. Plaintiff avers that owing to and by reason of defendant's agent agree-

ing to transmit and deliver to plaintiff the said message at said address aforesaid, it was and became the duty of the defendant to promptly transmit and deliver to plaintiff said message, and the plaintiff avers that the agent of defendant breached said duty to this plaintiff in this: Defendant's agent negligently failed to promptly deliver to plaintiff said message, and as a proximate consequence thereof plaintiff was kept from attending his father's burial, he lost the money paid to defendant lost the money his uncle, Leonard Blair, paid the defendant's agent at Marion, Ala., he made a trip from Bessemer, Ala., to Marion, Ala., after delivery of said message, trying to reach said last-named place to attend the burial of his father, and suffered great mental pain and anxiety of mind, to his damage as aforesaid. Plaintiff avers that he suffered said damages and injuries aforesaid, owing to and as a proximate consequence of the breach of the duty of defendant to this plaintiff in the agent of the defendant negligently failing to deliver to plaintiff said message at said address in Bessemer, Ala.," (2) Based on the same allegations of fact, and it is declared that the breach was wanton, willful, or intentional. (3) A practical repetition of 1.

Demurrers were interposed to these counts, raising the points discussed in the opinion relative to the complaint. The defendant filed several pleas, among them plea 5: "Defendant, for further plea to each count thereof, separately and severally says that the sender of said message was not acting as the agent of plaintiff in filing said message for transmission, and that there were no contractual relations between plaintiff and defendant for the transmission and delivery of said alleged message."

The following demurrers were filed to this plea: "(1) The complaint filed is an action of tort, and the plea does not allege any facts which legally obviate or repel the allegations of the complaint. (2) The complaint alleges a breach of duty, and it is immaterial whether the sender was agent of the plaintiff or not, and such plea is no answer to the complaint. (3) The plea does not allege facts which avoid the allegations of the complaint."

The following charges were refused to the defendant: "(2) If you believe the evidence, and you are reasonably satisfied from the evidence that the message sued on by the plaintiff was filed after 6 o'clock, then I charge you that there was no duty on defendant to transmit said message to Bessemer on the night of Sunday, March 8th. (3) If the jury believe from the evidence that the defendant had established reasonable office hours at Bessemer, by which the Bessemer office was closed between 6 p. m. on Sunday, March 8th, and the following morning at 8 a. m., and that plaintiff was prevented from going to Marion by reason of the fact that the message was received at the initial office after the Bessemer office was closed for the night, your verdict must be for the defendant." "(10) I charge you that the defendant would not be responsible for Miss Holt's negligence in writing down the address, however great such negligence may have been." "(16) I charge you that in writing down the message Miss Holt was the agent of the sender, and that plaintiff is bound by any mistakes or inaccuracies in the address there given."

CAMPBELL & JOHNSON, for appellant.—No privity of contract was shown between plaintiff and defendant, and hence, plaintiff could not maintain this suit.—*W. U. Tel. Co. v. Wilson*, 93 Ala. 32. No damages to person or

[Western Union Tel. Co. v. Jackson.]

estate are alleged, and hence, no damages for mental anguish are recoverable.—*Wilson's Case, supra; Blount's case,* 126 Ala. 105; *Water's Case,* 139 Ala. 656; *Blocker's Case,* 138 Ala. 486. On these authorities, demurrers should have been sustained to the complaint. The court erred in sustaining demurrer to the 5th plea.—Authorities supra. The sending operator was the agent of the sender in writing the message.—*W. U. T. Co. v. Prevatt,* 43 South. 106. On this authority, the court erred in refusing the 9th, 10th, 11th and 16th charges. The telegraph company is not bound to send a message delivered after office hours.

PINKNEY SCOTT, for appellee.—The complaint stated a good cause of action.—*W. U. T. Co. v. Krichbaum,* 132 Ala. 538. Having accepted the message, the defendant undertook the responsibility of prompt delivery.— *W. U. T. Co. v. Crumpton.* 138 Ala. 643.

DENSON, J.—The first question presented by this record for decision is: Can an action on the case be maintained against a telegraph company, by the sendee of a social telegram announcing the death of his father, for negligent delay in the delivery of the message, without the averment of contractual relations between the company and the sendee in respect to the message? The principle involved has been decided against the contention of the appellant (telegraph company) by this court in the very recent case of *Anniston Cordage Company v. Western Union Telegraph Company,* 161 Ala. 216, 49 South. 770. That was an action by the sendee of a commercial telegram against the company for negligently changing the message before delivery, whereby the sendee was damaged; and it was held that, if it appear that the sendee was to be benefited by the contract for sending

the message and that the fact was known to the company when it received the message for transmission, either from the language of the message or otherwise, then the action may be maintained.

In the instant case the message is set out in the complaint, and its wording is such as should have imparted knowledge to the company that it was sent for the benefit of the sendee. Hence the specific averment that it was sent for the benefit of the sendee was unnecessary. On these considerations the court hold that the demurrer presenting the point under discussion was properly overruled; and upon the same considerations the demurrer to plea 5 was properly sustained.—*Anniston Cordage Co. v. Western Union Telegraph Co.*, *supra*, and cases cited in the opinion in that case. See, also, *Western, etc., Co. v. Allen*, 66 Miss. 549, 6 South. 461; Gray on Commun. Tel. § 104, note 3; 21 Am. & Eng. Ency. Pl. & Pr. 509. The cases of *Western Union Telegraph Co. v. Wilson*, 93 Ala. 32, 9 South. 414, 30 Am. St. Rep. 23, *Western, etc., Co. v. Adair*, 115 Ala. 441, 22 South. 73, *Postal, etc., Co. v. Ford*, 117 Ala. 672, 23 South. 648, and *Ford v. Postal, etc., Co.*, 124 Ala. 401, 27 South. 409, are cases in assumpsit for breach of contract, and are not in point. In the *Ford Case* the question at issue was expressly left at large.

The action here being in case (*Western, etc., Co. v. Krichbaum*, 132 Ala. 535, 31 South. 607), the further point is made by the demurrer to the complaint that no recoverable damages for injury to the person, reputation, or estate of the plaintiff are shown by the averments of the complaint, and, therefore, that the damages claimed for mental suffering are not recoverable. If the demurrant's construction of the complaint is correct, the court erred in overruling the demurrer on this point.—*Blount v. Western, etc., Co.*, 126 Ala. 105, 27

South. 779; *Western, etc., Co. v. Krichbaum*, 132 Ala. 537, 31 South. 607; *Western, etc., Co. v. Blocker*, 138 Ala. 484, 35 South. 468. While we recognize the principle settled in the cases cited to this point, yet, turning to the complaint, we find that items of damages are claimed other than for mental suffering; and, being claimed, demurrer is not the proper mode of presenting the question as to whether they are recoverable. True, the cases cited were decided on demurrer to the complaint, but it will be seen, by examining them, that no items of damages were claimed in the complaints, except for mental suffering, and hence the complaints stated no cause of action.

However, the record shows that at the request of the defendant, the court charged the jury that no recovery could be had for the amount paid at Marion, by the sender, for the transmission of the message, but refused the charge that recovery could not be had for the 75 cents paid the messenger boy, nor for the railroad expenses incurred in going to Marion, and also refused the general affirmative charge requested by the defendant. Confessedly the complaint shows no contractual relation between the defendant in respect to the message, nor between the plaintiff and the sender of the message. But it affirmatively appears from the complaint that the toll for the transmission and delivery of the message was paid by the sender at Marion, whence the message was sent; and no facts are alleged which have the slightest tendency towards showing that the plaintiff was under any obligation to refund to the sender the amount of the toll paid by him. In this state of the pleadings, it seems clear that the mere averment of the complaint that the plaintiff lost the money paid by the sender to the defendant's agent at Marion for sending the message falls short of showing a legal claim against the defendant of

such sort as will entitle the plaintiff to recover for it in this action. Furthermore the allegation is in no wise aided by the proof in this respect. It follows that the court properly charged that no recovery could be had for the amount paid at Marion by the sender.

So far as the item of railroad expenses incurred by the plaintiff in going to Marion after receiving the message is concerned, it would seem that no argument is necessary to show that it cannot in any sense be said, either upon the averments of the complaint or upon the evidence, nor upon both, that the expenses were incurred as a proximate consequence of the negligence complained of, and the court erred in submitting it to the jury as recoverable damages.

As to the 75 cents paid the messenger boy for the message, there is testimony tending to show that the boy was authorized to collect charges plainly written on the message, and that the charges were so written in this instance. Therefore it was a question for the jury to determine whether the 75 cents was authoritatively exacted by the messenger boy before delivering the message. If so, and it was paid, then it was, under our decisions, recoverable actual pecuniary damages, to which damages for mental suffering might be superadded; and the court committed no error in not excluding that item of damages from the jury.

The uncontradicted proof shows that the sender of the message could neither read nor write, and that, at his request, Miss Holt (defendant's agent at Marion) wrote the message for him, and wrote it on one of the defendandt's blanks; that he handed her a letter from which to take the address, and she wrote the address: "Willie Jackson, 1802 B. Street." Under a comparatively late decision of this court, (*Western Union Telegraph Co. v. Prevatt*, 149 Ala. 617, 43 South. 106), although Miss

[Western Union Tel. Co. v. Jackson.]

Holt was defendant's agent for transmitting and receiving messages over the wire, yet in writing the message and address she was the sender's agent; and the defendant (in the absence of fraud) is not responsible for any mistake made by Miss Holt in writing the message or in deciphering the address from the letter handed to her from which to get the address. In this view it must be held that the court erred in refusing charges 10 and 16, requested by the defendant.

The evidence is in conflict as to the time at which the message was delivered at the Marion office for transmission to Bessemer—that offered by the plaintiff tending to show that it was about 2 p. m., while that offered by the defendant tended to show that it was 6:10 p. m. The evidence without conflict shows that the Bessemer office was open from 8 a. m. until 6 p. m., and that about 50 minutes would have been ample time for the transmission from Marion to Bessemer. Notwithstanding the mistake in the street address of the message it was delivered to the plaintiff; and upon the whole evidence the court is of the opinion that whether or not the company was guilty of negligence in not delivering the message in time to enable plaintiff to take a train that would put him at Marion in time to attend his father's funeral was a question for the determination of the jury. In this view the affirmative charge requested by the defendant was properly refused.

The testimony without conflict shows that the office hours at the defendant's Bessemer office were from 8 a. m. to 6 p. m. on Sundays; and according to the defendant's evidence the message was delivered at the Marion office after 6 p. m., and defendant's agent notified the sender that it might be delayed on account of the Sunday hours at Bessemer. Upon this phase of the case the court should have given charges 2 and 3 requested by

the defendant.—*W. U. Tel. Co. v. Hill*, 163 Ala. 18, 50 South. 248.

For errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J. and SIMPSON and MAYFIELD, JJ., concur.