[Western Union Telegraph Company v. Farmers & Merchants Bank.]

# Western Union Telegraph Company *v.* Farmers & Merchants Bank.

### *Failure to Correctly Deliver Message.*

(Decided April 17, 1913.  Rehearing denied May 8, 1913.
62 South. 250.)

1. *Action; Joinder.*—Under section 5329, Code 1907, actions ex delicto and actions ex contractu may be joined where they arise out of the same transaction.

2. *Telegraphs and Telephones; Messages; Erroneous Transmission.*—Under the rule that where one of two persons must suffer for the tortious acts of a third, he who gave the tort feasor the means of doing the wrong, is liable, a telegraph company which by an error in the transmission of a message notifying two persons that the sender would honor their joint draft, enabled the two persons to negotiate their separate drafts for the amount mentioned, is liable to the bank which cashed the draft.

3. *Same; Liability.*—Where one by reason of negligence enables a tort feasor to wrong a plaintiff, such one is liable even though it had no intention to deceive or perpetrate a fraud on plaintiff.

4. *Same; Messages; Erroneous Transmission.*—A message sent to two persons jointly at the same address, but delivered to each separately reciting "will honor your draft" is an invitation to the banks to discount a draft drawn on the sender of the message, and it was negligence on the part of the telegraph company to deliver separate messages to the two addressees, thus enabling them to discount the separate drafts.

5. *Appeal and Error; Review; Harmless Error.*—Where a plaintiff is entitled to the general charge upon the whole case, errors committed are not prejudicial to defendant.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by the Farmers' & Merchants' Bank against the Western Union Telegraph Company, for an erroneous transmission of a message.  Judgment for plaintiffs, and defendant appeals.  Affirmed.

CAMPBELL & JOHNSTON, for appellant.  The form of action in the first five counts imports necessarily a con-

tractual relation between plaintiffs and defendants, as well as with defendants jointly as joint contractors.— *Garrison v. Hawkins,* 111 Ala. 308; *Cobb v. Keith,* 110 Ala. 614; *Dean v. E. T. V. & G.,* 98 Ala. 596; *N. Ala. Ry. Co. v. Mansell,* 138 Ala. 562. The 6th count was ex delicto, and hence, demurrers should have been sustained for misjoinder. The demurrers to the 6th count should have been sustained also.—37 Cyc. 1716; 25 C. C. A. 35; *Anniston Cordage Co. v. W. U. T. Co.,* 161 Ala. 216; 8 Pac. 330. The plaintiffs were not entitled to sue in this action.—Secs. 2468, 2469, Code 1907; *Jordan v. Pickens,* 78 Ala. 331; 20 Cyc. 35; *Allendar v. Bessemer C. I. & L. Co.,* 164 Ala. 275. On these authorities, the general charge should have been given for defendant. Counsel discuss defendant's refused charges, but, in view of the opinion, it is not deemed necessary to here set them out.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellee. Every person is presumed to intend the natural consequences of his act.—Secs. 2468-9, Code 1907. An action ex delicto may be maintained against a telegraph company without privity of contract.—*Anniston C. Co. v. W. U. T. Co.,* 161 Ala. 216. The contents sufficiently inform the company of the joint nature of the telegram.—*Partridge v. Wilson,* 141 Ala. 164. The 1st assignment of error is joint and is not supported, if there was no error in one instance.—*Continental C. Co. v. Ogburn,* 57 South. 852. Plaintiff was entitled to the affirmative charge, and hence, any error was without injury.

PELHAM, J.—The complaint as originally filed by the appellee sought a recovery against the appellant and the Great Southern Agency Company, a corporation, as joint defendants, and contained six counts.

The first five were in assumpsit, and followed the general Code form for the common counts, and the sixth count sets up the specific facts relied upon as a cause of action, and is an action ex delicto. The demurrers to the complaint on the ground of misjoinder were not well taken (Code, § 5329), and as in the process of elimination during the progress of the trial counts Nos. 2, 3, 4, and 5 were withdrawn and the general charge given on all the counts in favor of the defendant Great Southern Agency Company, and, as count No. 1 went out on the general charge given at the request of the defendant, it will only be necessary to consider count No. 6 as amended in passing upon the questions presented on this appeal.

Count 6 was amended by striking out the Great Southern Agency Company as a party defendant, leaving the appellant as the sole party defendant. This count as amended alleges that the defendant telegraph company received at its office at Chattanooga, Tenn., from the Great Southern Agency Company the following telegram, to be transmitted over its wires to Goodwater, Ala., viz.: "Oct. 9, 1909.  J. H. Davis and A. W. Cohn, c/o Pope Hotel, Goodwater, Ala.  Will honor your draft for $69.00.  Great Southern Agency Co."

It is averred that this telegram was not transmitted by the defendant telegraph company, but that in lieu of transmitting said telegram as above set out two separate telegrams were transmitted, one to A. W. Cohn and the other to J. H. Davis, which said telegrams, respectively, were as follows: "Chattanooga, Tenn., Oct. 9, 1909.  A. W. Cohn, c/o Pope Hotel, Goodwater, Ala. Will honor your draft for $69.00.  Great Sou. Agency Co." "Chattanooga, Tenn., Oct. 9, 1909.  J. H. Davis, c/o Pope Hotel, Goodwater, Ala.  Will honor your draft for $69.00.  Great Sou. Agency Co."

It is further averred that these telegrams were each delivered to the respective parties to whom they were addressed at Goodwater, and that each of them presented the telegram received by him to the plaintiff bank, and drew a draft on the Great Southern Agency Company for $69, and that said bank was induced on the faith of said telegrams to pay to said Cohn and to said Davis each the sum of $69, less exchange, and that when these drafts were presented to the Great Southern Agency Company payment on said drafts were refused, and the same were protested. The plaintiff also averred in this count of the complaint as amended that it was the intention of the Agency Company at Chattanooga to authorize and to pay $69 on the joint draft of the said J. H. Davis and A. W. Cohn, and that it had no intention or expectation of paying separate drafts drawn on it by each of said parties, and that this fact was known to the defendant telegraph company; and it is averred that the telegraph company changed the telegram as delivered to it, and sent separate telegrams to each of these parties, authorizing them to draw separate drafts for $69 each, well knowing when it did so that it would enable said Davis and said Cohn to impose upon any bank by presenting these separate telegrams authorizing separate drafts for $69 each, and the defendant knew that it was thereby enabling these parties each to cash drafts for the sums named on the plaintiff bank, when it knew at the time that the Agency Company did not authorize and did not expect or intend to pay such separate drafts, but only the joint draft of the addressees authorized by the telegram delivered to the defendant telegraph company; that by reason of these wrongs on the part of the defendant the said parties, Davis and Cohn, did draw two separate drafts on the said Agency Company and present them to the plaintiff

who cashed them on the faith of said telegrams, to its loss in the sum of the amount paid in cashing the drafts, plus the protest charges, less the exchange charged.

The demurrers filed to the sixth count of the complaint as amended are not well taken; for, while this count shows that there was no contractual relation or privity between the plaintiff and the defendant telegraph company authorizing a recovery grounded on the contract or growing out of a breach of duty imposed by and based on the contract (*Anniston Cordage Co. v. Western Union Telegraph Co.,* 161 Ala. 216, 49 South. 770, 30 L. R. A. [N. S.] 1116, 135 Am. St. Rep. 124), it alleges facts setting up a cause of action for which the defendant would be liable, in that it avers its injury and loss was occasioned without fault upon its part through the tortious act of third parties who were furnished the efficient means to accomplish this object by the wrongful acts of the defendant. "The law simply utters the suggestion of common justice and common sense in declaring 'that, when one of two innocent persons must suffer from the tortious acts of a third, he who gave the aggressor the means of doing the wrong must bear the consequences of the act.'—*Bank of Ky. v. Schugkill Bank,* 1 Pars. Eq. Cas. [Pa.] 248;" *Young & Son v. Lehman, Durr & Co.,* 63 Ala. 520, 524.

The appellant insists that the proof offered in support of the sixth amended count was not sufficient to authorize a recovery for a fraud or deceit, and that the court was in error in refusing the general charge requested by it. But it is sufficient answer to this contention to say that the plaintiff's right of recovery does not depend upon proof of a motive, intention, or desire upon the part of the defendant to deceive or perpetrate a fraud on the plaintiff, or to enable a third party to do so. The facts as stated in the count of the complaint

that was submitted to the jury would authorize a recovery on the broad principle of law that makes him who by his wrongful act furnishes the efficient means to a third party to injure another responsible for the wrong done to the party injured; and it makes no difference and requires no proof of motive, intention, or desire to deceive or defraud merely because the pleader inaptly used these words in describing the wrong complained of.

The message filed with the defendant company, as we construe it, was an authorization to the two individuals named therein as addressees to draw a joint draft on the sender for the amount stated. The message when transmitted and delivered was an invitation to the plaintiff or to any bank in the neighborhood of Goodwater, to discount or cash the draft drawn on the sender of the message.—*Young & Son v. Lehman, Durr & Co., supra.* By splitting up the message and sending separate messages, the defendant furnished the means by which the sendees were enabled to induce the plaintiff as a natural consequence of the defendant's act to discount the drafts, and any injury thereby suffered as a proximate consequence by the plaintiff would be due to the invitation furnished by the message for which the defendant was responsible and for which it would be liable.

The bill of exceptions shows that the message filed by the Great Southern Agency Company with the defendant's agent at its office in Chattanooga for transmission to Goodwater, Ala., was produced on the trial by the defendant in response to a notice to produce by the plaintiff, and was as follows: "Chattanooga, Tenn., 10/9, 1909.   To A. W. Cohn and J. H. Davis, c/o Pope Hotel, Goodwater, Ala.   Will honor your draft for $69.00.   Great Southern Agency Co."   Defendant's

counsel announced in open court that this was the only
message received by the defendant company at its Chat-
tanooga office signed by the Great Southern Agency
Company and addressed to A. W. Cohn and J. H. Davis
or either of them. It was shown by the evidence intro-
duced on the trial that two separate telegrams contain-
ing this same wording in the body of the messages were
received by the defendant's agent at Goodwater, Ala.,
one addressed to Cohn and the other to Davis, as set out
in the complaint, and that these telegrams were each
delivered to the respective addressees, and that each of
the parties carried the telegram received by him to the
bank and presented it to the cashier, who drew up
drafts "in the usual way in banking," and cashed them,
charging the usual discount fees, and attached one of
the telegrams to each of the drafts and sent them to a
bank in Chattanooga, Tenn.; that the drafts were not
paid, but were returned with protest papers. The
drafts and protest papers were introduced in eivdence,
and it was shown that the Great Southern Agency Com-
pany had offered to pay the amount authorized by its
telegram, to wit, $69, to discharge all obligation against
it, and a check for that amount, payable to the plain-
tiff, was introduced in evidence, which had been re-
fused by the plaintiff as payment in full for both of the
drafts. The agent of the defendant company at Good-
water, who received the message, testified on the trial
that he was acquainted with the rules and regulations
of the company, and that when a message is filed with
an agent of the company for transmission, addressed to
two or more parties, where no one definite address is
given, and it is not addressed in care of any person or
place, under the rules of the company it would have to
be sent as two messages; but that where, in this case,
one definite address was given, at which delivery could

be made, although it was addressed to two parties, it could under the rules of the company be transmitted as one message—and this evidence was not contradicted.

Under this state of facts there was no error in refusing the general charge requested by the defendant, but the court might properly, we think, have given the general charge for the plaintiff.

The plaintiff being entitled upon the whole case to the general charge, it is unnecessary to consider other assignments of error.—*Western Union Telegraph Co. v. Krichbaum*, 145 Ala. 409, 41 South. 16; *Emmett v. Hooper*, 157 Ala. 586, 47 South. 1006; *Birmingham Co. v. Rutledge*, 142 Ala. 195, 39 South. 338.

The assignments of error are not well taken in any particular, and the judgment appealed from will be affirmed.

Affirmed.

