# E. I. Du Pont De Nemours Powder Co. v. Parsons.

*Assumpsit.*

(Decided June 3, 1913.  62 South. 988.)

1. *Contracts; Pleading and Proof; Variance.*—Where a plea aver-
red the contract of plaintiff to carry specific articles to a certain
place and claiming damages for a failure to deliver certain of
them, it is not supported by evidence of a contract of hiring by
defendant from plaintiff of teams and drivers under which defend-
ant had the right to determine what disposition or use it would
make of such teams and drivers.

[E. I. Du Pont De Nemours Powder Co. v. Parsons.]

2. *Appeal and Error; Harmless Error; Instructions.*—Where the plaintiff was not liable for any negligence of the driver, a refusal to give a charge requested by defendant asserting that under the evidence plaintiff's driver was negligent in losing certain of defendant's articles, was harmless.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Assumpsit by C. P. Parsons against the E. I. Du Pont De Nemours Powder Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The evidence tended to show that plaintiff was in the livery business in Bessemer and made a verbal contract or agreement with a Mr. Waller, representing the defendant, covering the hire of a team and driver to the defendant, for which defendant was to pay so much per day for the team and driver, while defendant's testimony tended to show that the defendant was to pay by the trip. Plaintiff testified that he had nothing to do with the team and driver after he turned them over to Mr. Waller, and that Mr. Waller would take charge of same and load the wagon with whatever he wanted to haul and send it, wherever he wanted to go, and that plaintiff would never see the team and driver until it came back to the stable at night. The defendant's evidence tended to show that Mr. Waller would take charge of the team and driver, see that the wagon was loaded, and direct the driver where to go, but that no one connected with the defendant had anything to do with the driver and team after it left defendant's magazine at Bessemer, and that some time in June a wagon was loaded with 48 cases of carbonite, the driver given a slip or ticket for the same, and instructed to carry it to the magazine of the Tennessee Coal, Iron & Railroad Company at Sumter, and that only 41 of the cases were delivered, seven being lost. The pleadings sufficiently appear.

[E. I. Du Pont De Nemours Powder Co. v. Parsons.]

The following charges were refused to defendant:

(1) Affirmative charge.

(2) Affirmative charge for defendant on its plea of set-off and recoupment.

"(3) If you believe all the evidence in this case, plaintiff's driver was negligent in and about losing the carbonite or dynamite of defendant between its magazine at Bessemer and the magazine of the Tennessee Coal, Iron & Railroad Company at Sumter."

A. G. & E. D. SMITH, for appellant. The duty is on stable keepers to select and furnish drivers with skill, caution and experience, and the slightest neglect or disregard of this requirement creates a liability for injuries occasioned thereby.—25 Cyc. 1514; 17 South. 869; 145 S. W. 155; 9 N. E. 392; 92 Pac. 224; 6 N. Y. Supp. 618. The fact that the wagon was that of plaintiff can make no difference.—91 N. E. 291; 96 N. E. 406; 6 M. & W. 499. The fact that defendant's agent directed the loading can make no difference.—Ewing v. Shaw, 83 Ala. 333; 110 Ill. App. 332. Whether the defendant was paying by the day or by the trip, it was plaintiff's team and plaintiff's driver, and he necessarily had charge and control of the situation.—Peters v. So. Ry., 135 Ala. 533. The court should have granted a new trial.—Gassenheimer v. Wes. Ry., 57 South. 718.

GOODWYN & ROSS, for appellee. Counsel discuss errors assigned, but without citation of authority.

WALKER, P. J.—To this action on an account the defendant pleaded the general issue and a special plea which averred that the plaintiff did, on a day named, undertake to carry or haul for a reward 48 cases of carbonite for defendant from Bessemer to Sumter, and re-

ceived and took charge of said carbonite for said pur-
pose, and negligently failed to deliver seven cases
thereof of a stated value, the claim for the amount
whereof the defendant offered to set off or recoup
against the demand of the plaintiff. Plainly the con-
tract averred in the special plea is one of carriage
whereby the plaintiff undertook to carry and deliver the
goods mentioned for a reward. No evidence in the case
tended to prove that such a contract was entered into.
While the evidence offered by the respective parties did
not correspond in all details, it was without conflict to
the effect that the plaintiff's undertaking was to fur-
nish for the defendant's use wagons, teams, and drivers
at a stated price per day; that it was left to the defend-
ant to determine the hauling to be done, it being agreed
that the price for a day's hire would be paid if a load
was sent to certain named places at which the defendant
had occasion to make deliveries of goods, and that half
of that price was to be paid if the load was sent to other
named places not so far away. This evidence had no
tendency to prove that the plaintiff obligated himself
as alleged in the special plea. The plea avers a con-
tract to carry specified articles to a designated place.
The evidence shows a contract of hire, under which the
defendant had the right to determine what, if any, use
it would make of the wagon and team and of the serv-
ices of the driver furnished. There was such a variance
between the allegation and the proof that the plaintiff
would have been entitled to the general charge with
hypothesis as to the defense set up by the special plea.
This being true, the appellant could not have been prej-
udiced by the court's refusal to give written charges 2
and 3 (*Emmett et al. v. Hooper,* 157 Ala. 586, 47 South.
1006; *Christian v. Denmark,* 156 Ala. 390, 47 South.
82); and, evidence having been offered which tended to

support the claim sued on, charge 1 was properly re-fused.

Affirmed.