# McCray v. Sharpe.

## Personal Injury.

(Decided November 7, 1914.  66 South. 441.)

1. *Highways; Use; Automobiles; Care Required.*—Independent of the Acts regulating the operation of automobiles, the common law requires the operator of such a machine upon a highway to exercise reasonable care to avoid injuring others travelling along the highway, but, having the right to use the highway in common with such others, such operator is only liable for negligence.

2. *Trial; Sufficiency of Evidence; Objection; Form.*—The sufficiency of plaintiff's evidence to make out a prima facie case after he has rested his case, can only be presented by a demurrer to the evidence, or by a request for the affirmative instruction for defendant, and not by motion to exclude all of plaintiff's evidence.

3. *Same; Reception of Evidence; Objections.*—Where the objection to a question states no ground, such objection is properly overruled.

4. *Evidence; Hearsay; Res Gestae.*—Where the horse which plaintiff and her companion was driving became frightened at the approach of the automobile, throwing them from the buggy, a statement by one S., made after the accident, that he told defendant, who was driving the car, that plaintiff and her companion were coming, and that he should stop, was a mere recital of a past event, and not of the res gestæ.

5. *Damages; Personal Injury; Elements; Apprehension.*—While a defendant is liable for the damages naturally and proximately resulting to an injured party, including nervousness, damages cannot be recovered for mere apprehension of a future injury by plaintiff not associated with or resulting from some physical infirmity caused by the injury and continuing with and because of that injury or infirmity.

APPEAL from Hale Law and Equity Court.

Heard before Hon. CHARLES E. WALLER.

Action by Dolly McCray by her next friend against S. C. Sharpe, for personal injury. Judgment for defendant and plaintiff appeals. Reversed and remanded.

BROWN & WARD, and JOSEPH H. JAMES, for appellant. No brief reached the Reporter.

THOMAS E. KNIGHT, for appellee. No brief reached the Reporter.

McCLELLAN, J.—Action for damages, by appellant against appellee, for alleged tortious conduct or omission by a driver of an automobile in a public highway, in consequence of which a horse, then being driven by plaintiff, was frightened, injuring plaintiff.

Apart from provisions of the act, approved April 22, 1911 (Acts 1911, pp. 634-650), relative to the regulation, etc., of automobiles operated in this state, common-law principles exact of persons operating such vehicles—capable as they readily are of inflicting injury and damage to persons and property on public thoroughfares—the exercise of reasonable care to avoid injury to others traveling along the highway. Since the operators of automobiles have the right to use the highways in common with other persons otherwise lawfully using the highways, such operators of automobiles are only liable for the consequences of negligence in respect of the enjoyment of the common right stated.— Berry's Law of Autos., § 149; *Christy v. Elliott*, 216 Ill. 31, 74 N. E. 1035, 1 L. R. A. (N. S.) 215 et seq., and note, 108 Am. St. Rep. 196, 3 Ann. Cas. 487; Huddy's Law of Autos, p. 84 et seq. In *Murphy v. Wait*, 102 App. Div. 121, 92 N. Y. Supp. 253, it was said: "The rule of the common law is, and always has been, that while a person might travel the highway with a conveyance or a loaded vehicle liable to frighten horses, yet he must, while doing so, exercise reasonable care to avoid accident and injury to others traveling along such highway."

While reasonable, ordinary care must be exercised, what consists on occasion with that requirement must vary and must depend upon the circumstances of the particular case.—Author., supra.

In section 19 (page 641) of the act before mentioned, it is provided: "A person operating or driving a

motor vehicle shall, on signal by raising the hand, from a person riding, leading or driving a horse or horses or other draft animals bring such motor vehicle immediately to a stop, and, if traveling in the opposite direction remain stationary so long as may be reasonable to allow such horse or animal to pass, and if traveling in the same direction, use reasonable caution in thereafter passing such horse or animal, provided, that in case such horse or animal appears badly frightened or the person operating such motor vehicle is so signaled to do, such person shall cause the motor of such vehicles to cease running so long as shall be reasonably necessary to prevent accident and insure the safety of others."

The complaint as amended contained eight counts. Generally classifying them: Some declared for liability upon initial simple negligence; others upon initial willful or wanton misconduct or omission of the driver or his representative; others as upon simple negligence after the fright of the animal became apparent; and others as upon willful or wanton misconduct or omission after fright of the animal became apparent. A part of the counts ascribe the duty breached to common-law exaction, and the others to the duty imposed upon occasion, by the statute, as quoted above. There being evidence introduced, admitted, in support of material averments of all the counts of the amended complaint, and after plaintiff had concluded the presentation of her evidence, the trial court sustained the defendant's motion to exclude all of the evidence so admitted. Thereupon, in response to evident necessity, the plaintiff took a nonsuit with a bill of exceptions. Patently this was error. The question of the sufficiency of the evidence, fully concluded by the plaintiff, to sustain the burden of proof assumed by the plaintiff in his complaint can only be properly presented by the defendant in one of

two ways, viz.: (a) Demurrer to the evidence; or (b) the request of the affirmative charge. See concurring opinion of Justice MAYFIELD in *Scales v. Central Iron Co.*, 173 Ala. .646-657, 55 South. 821. The suffering of the nonsuit having been thus erroneously compelled, no question of error without injury arises or could be considered. The method of excluding legal evidence, admitted for the plaintiff, upon motion of the defendant, is essentially, inherently unfair to the plaintiff.

The alleged statement of Pat Sharpe, made after the plaintiff and her companion were thrown or fell out of the buggy, that he told his father (defendant), who was driving the car, that the plaintiff and her companion were coming, and that he (father) should stop, was no part of the res gestæ of the acts and event under investigation. It was a mere recital by Pat Sharpe of a past matter. The testimony tended to show that immediately after the injury complained of Pat Sharpe, who was riding with the defendant in the car, came to the place at which plaintiff and her companion and the vehicle went into the ditch by the roadside. One of the issues on the trial was whether defendant saw the plaintiff coming down the road, meeting the automobile, and where, at what distance between the vehicles, that knowledge came to the defendant. The court sustained the defendant's objection to this question propounded by plaintiff's counsel to her: "I will ask you if Mr. Pat Sharpe came down, and that he, Pat Sharpe, stated to you, or to Miss Looney, in the presence of his father, Mr. Sharpe, that he told his father to stop; that you were coming down the road."

The objection to the question stated no grounds. This question had in elements that suggested, on its face, the bases for an implication unfavorable to defendant if he did not respond, in denial or explanation, to the mat-

[McCray v. Sharpe.]

ter the question assumed to disclose, as having taken place in the defendant's presence. Admissions by silence have, in proper cases and under proper limitations, an evidential value and effect. The objection *as made* should not have been sustained.—Jones on Ev. (2d Ed.) § 289; 1 Encyc. of Ev. p. 367; *Davis v. State*, 131 Ala. 10, 16, 17, 31 South. 569, among others.

The defendant, if found responsible for a damnifying tortious act, was liable for the damages naturally and proximately resulting therefrom to the injured party. If the fall from the buggy produced a *nervous condition, and that condition continued,* compensation therefor was due to be made by the guilty agent. But we are of the opinion that evidence is not competent to show mere apprehension, such as appears to have been the purpose of the testimony sought in this connection to be introduced, on the part of the injured party when subsequently riding in vehicles on public roads, an apprehension not associated with or resultant from some physical infirmity caused by the injury and continuing with and because of that physical injury or infirmity.

We have avoided any consideration of questions not presented on this appeal, as well as any discussion of the evidence in view of the fact that another trial may follow:

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, DE GRAFFENRIED, and GARDNER, JJ., concur.