# Western Union Telegraph Co. *v.* Appleton.

*Delay in Delivery of Telegram.*

(Decided November 7, 1914.   Rehearing denied December 17, 1914.
67 South. 412.)

1. *Telegraphs and Telephones; Messages; Delay; Damages.*—Where the action is in tort for delay in delivering a telegram, a plaintiff cannot recover for mental pain and anguish unless there is a right of recovery aside from such injuries.

2. *Same; Complaint; Pleading.*—A complaint alleging that defendant did not promptly deliver a death message sent to the plaintiff, but the same was delayed for one day, and as a proximate consequence of said negligence, plaintiff suffered certain damages which are set out, and lost the sum paid to defendant for the message, and a similar count based on the same state of fact, but alleging wanton or intentional negligence, show loss of the toll paid, aside from the mental anguish, and were not demurrable.

3. *Same; Evidence.*—The evidence examined and held sufficient to authorize a recovery by plaintiff of mental pain and anguish from the failure of the telegraph company to deliver a death message.

4. *Trial; Striking Out Evidence; Demurrer.*—Where plaintiff's evidence was relevant and tended to establish at least some if not all, of the material allegations of plaintiff's complaint, it was not error to refuse a motion made by defendant at the conclusion of plaintiff's

evidence to exclude all of the evidence, on the ground that plaintiff had failed to make out a case; the better practice being either to demur to the evidence or not offering any testimony to ask for a directed verdict.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by Lucinda Appleton against the Western Union Telegraph Company for damages for delay in delivery of telegram. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals. Reversed and remanded, because of failure of plaintiff to file remittur of damages as required.

The complaint claimed for damages for a delay of one day in the delivery of a death message filed with defendant by an agent of plaintiff, who paid the charges thereon for such service, and the allegation is that defendant so negligently conducted itself in that regard that it did not promptly deliver said message, but the same was delayed for one day, and as a proximate consequence of said negligence plaintiff was deprived of paying the last rites of respect to the body of her mother, was deprived of the privilege of being present at the muneral, suffered great mental pain and anguish, and lost the sum paid to defendant as aforesaid. The second count was based on the same state of fact, and the funeral, suffered great mental pain and anguish, negligence of the servants and agents, acting within the line and scope of their authority. The demurrers were that the damages claimed were not proper elements, and that no recoverable damages are claimed; the relation between plaintiff and defendant is not averred with sufficient certainty; complaint is bad for a misjoinder, as the first count is ex contractu and the second count ex delicto. There was judgment for plaintiff in the sum of $750.

FORNEY JOHNSTON, and W. R. C. COCKE, for appellant.

HARSH & FITTS, for appellee.

DE GRAFFENRIED, J.—(1) The count upon which this case was tried is in tort. It is well settled that in this form of action for damages for delay in the delivery, or for the nondelivery, or for negligence in the transmission or delivery, of a telegram, the sendee cannot recover for mental pain and anguish, unless there is a right of recovery aside from such injuries.—*Western Union Telegraph Co. v. Blocker*, 138 Ala. 484, 35 South. 468; *Western Union Telegraph Co. v. Jackson*, 163 Ala. 9, 50 South. 316; *Western Union Telegraph Co. v. Brown*, 6 Ala. App. 339, 59 South. 329.

(2) The complaint in this case shows that the telegram in question was sent by the plaintiff's agent to her, and we think shows with sufficient clearness the loss to her of the 40 cents which was paid to the defendant as its toll for transmitting the telegram. The complaint was not subject to the demurrer which was interposed to it by the defendant.—*Authorities, supra.*

(3) 2. The evidence in this case we think conclusively establishes: That the plaintiff's agent delivered to a telegraph agent of the defendant, at Athens, Ga., a telegram in the following words: "Come at once. Mother is dead. Answer when coming." That the telegram was properly addressed to the plaintiff at New Castle, Ala. That the agent of the plaintiff paid the defendant 40 cents for transmitting and delivering the telegram, and that New Castle was the *only* address of the plaintiff. In other words, we think that there was *no* evidence that the address of the telegram to the plaintiff was an insufficient address. We also think that

there was evidence from which the jury had the right to infer that the plaintiff, by reason of the unnecessary delay of the defendant in delivering the telegram to her, was denied the privilege of attending her mother's funeral, and that if the telegram had been delivered to her with reasonable dispatch she could and would have been present at her mother's funeral. Under the evidence in this case, if it was believed by the jury, the plaintiff was entitled to recover damages for such mental pain and anguish as was suffered by her because of her failure to be present at her mother's funeral. Indeed, it seems to us that all of the questions which are presented to us by appellant have been determined adversely to it in the following cases: *Western Union Tel. Co. v. Jackson, supra; Western Union Tel. Co. v. Blocker, supra; Western Union Telegraph Co. v. Anniston Cordage Co.,* 6 Ala. App. 351, 59 South. 757; *Western Union Telegraph Co. v. Boteler,* 183 Ala. 457, 62 South. 822; *Western Union Telegraph Co. v. Wright,* 169 Ala. 107, 53 South. 95.

(4) 3. When the plaintiff concluded her testimony, the defendant moved the court to exclude all of the evidence, upon the ground that the plaintiff had failed to make out her case. The plaintiff had introduced relevant evidence tending to establish at least some—if not all—of the material allegations of her complaint. This being true, the trial court will not be put in error for refusing this motion of the defendant.—*McCray v. Sharpe,* 188 Ala. 375, 66 South. 441. If the defendant had, when the plaintiff closed her case, *demurred* to the testimony, or had refused to offer testimony in its behalf, and had *then* asked for affirmative instructions in its behalf, a different question would be before us.— *McCray v. Sharpe, supra.*

[Western Union Telegraph Co. v. Appleton.]

4. This record and the briefs of counsel have been painstakingly examined. Under the authorities above cited this case was a case for the determination of the jury.

In our opinion there is reversible error in this record, however, because of the refusal of the trial court to grant the motion for a new trial on the ground of excessiveness of the verdict. Under Acts 1911, p. 587, we think that a verdict of $400 is sufficient, and if the plaintiff will remit all in excess of said amount the judgment will be corrected and affirmed, unless the defendant's counsel object thereto under the proviso of said act. Counsel for appellee are given 10 days within which to file their acceptance or rejection of the reduction in the verdict, after the acceptance by the appellee, if there by an acceptance. The clerk will mail a copy of this order to Harsh & Fitts, and a copy to George H. Fearons, Forney Johnston, and W. R. C. Cocke, and will record the original on the minutes of the court, together with the acceptance of the reduction, in which event the case is corrected and affirmed.

Corrected and affirmed conditionally.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.

### SUPPLEMENTAL OPINION.

DE GRAFFENRIED, J.—The appellee not having consented to the reduction of the amount of the judgment as indicated in the above opinion and within the time allowed by law, the judgment of the court below is reversed, and the cause is remanded for further proceedings in the court below.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.