# Warten *v.* Weatherford.

*Ejectment.*

(Decided December 17, 1914.　67 South. 667.)

1. *Ejectment; Title.*—Where plaintiff had no paper title to the land in controversy and defendant held under color of title which was older than plaintiff, and showed title from the government into one with whom plaintiff did not connect himself, the plaintiff could recover only by proof of title by adverse possession.

2. *Adverse Possession; Requisites.*—To ripen into title to support ejectment, adverse possession must have been open, peaceable, notorious and continuous for ten consecutive years before the bringing of the suit.

3. *Appeal and Error; Harmless Error; Evidence.*—Where defendant was entitled to the general charge regardless of the testimony of a witness, any error in admitting such testimony was harmless.

4. *Adverse Possession; Color of Title.*—Where plaintiff offered in evidence, as color of title, deeds not purporting to convey the land in controversy, there was no error in excluding them as they could not be regarded as color of title.

5. *Ejectment.*—Where a plaintiff in ejectment without paper title attempted unsuccessfully to show title by adverse possession, the defendant was entitled to the general charge covering so much of the land as his prior color of title, and possession related to, but was not entitled to the general charge as to the other lands.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Ejectment by Henry Warten against Emmet Weatherford. Judgment for defendant and plaintiff appeals. Reversed and remanded.

W. R. WALKER, for appellant.

JAMES E. HORTON, and M. K. CLEMENTS, for appellee.

ANDERSON, C. J.—(1-3) The plaintiff had no paper title to the land in question, and as the defendant was not a trespasser, but held under color of title, which was older than the plaintiff's color of title, and also showed

[Warten v. Weatherford.]

the title out of the government into a party with whom the plaintiff did not connect himself, the plaintiff in order to recover was required to establish a title by adverse possession and which he failed to do.—*McCreary v. Jackson Lumber Co.*, 148 Ala. 247, 41 South. 822, and cases there cited. While the plaintiff proved some possessory acts upon the part of himself and his predecessors, they were not so open, peaceable, notorious, and continuous for 10 consecutive and unbroken years before the commencement of this suit as to ripen into title.—*Chastang v. Chastang*, 141 Ala. 451, 37 South. 799, 109 Am. St. Rep. 45. The trial court properly gave the general charge requested by the defendant. The defendant was entitled to the general charge regardless of the testimony of W. L. Jones, as to the land that his father would have possessed. Hence, if the question eliciting his reply was error, it was error without injury.

(4) The plaintiff offered in evidence, as color of title, three deeds which did not contain or purport to convey the land in question, and they could not, therefore, be regarded as color of title to said land, and the trial court did not err in sustaining the defendant's objection to same.

Affirmed.

MAYFIELD, SOMERVILLE, and GARDNER, JJ., concur.

ON REHEARING.

ANDERSON, C. J.—(5) Upon the former consideration of this case we proceeded upon the theory that all the land involved was within the defendant's color of title; that is, was located in the E. ½ of the S. E. ¼ of the S. E. ¼ of section 32. Upon a reconsideration, we find that the land sued for includes, as per the proof, a small quantity in the W. ½ of S. E. ¼ of the S. E. ¼

[Warten v. Weatherford.]

of section 32, and which is within the plaintiff's color of title and not the defendant's. The defendant having shown color of title, and an older possession, to the E. ½ of the S. E. ¼ of the S. E. ¼ of section 32, was entitled to the general charge as to all of the land as was located within his color of title, but the charge should have been limited so as to exclude all of the land sued for as was located within the W. ½ of the S. E. ¼ of the S. E. ¼ of section 32, as the complaint claimed, and the proof showed that some of the land was in the W. ½ of the 40, and the plaintiff showed color of title and a previous possession to the said W. ½ of said 40.

The defendant did not disclaim as to the land in the W. ½ of the 40. Had he done this, and pleaded not guilty to so much of the land as was located in the E. ½ of the 40, he would have been entitled to the general charge; but having admitted possession of all of the land sued for, by his plea of not guilty, and the plaintiff having shown a right to recover as to all in the W. ½ of the 40, the trial court erred in giving the general charge for the defendant, without limitation or qualification.

If, upon the next trial, the defendant wishes to defend only as to the land in his color of title, he can plead not guilty as to same and disclaim as to any of the land as may be located within the W. ½ of the 40, and if he contends that none of the land of which he is in possession is in the W. ½ of the 40, but is all in the E. ½ of same, he can make the suggestion provided for in section 3833 of the Code of 1907.

The judgment of affirmance is set aside, and the cause is reversed and remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and GARDNER, JJ., concur.