(75 South. 164).

SNOW v. TULLEY et al. (6 Div. 347.)

(Supreme Court of Alabama. April 12, 1917. Rehearing Denied May 17, 1917.)

Appeal from City Court of Birmingham; A. H. Alston, Judge.

Statutory ejectment by Mary Ann Snow against R. J. Tulley and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Etheridge & Lamar, of Bessemer, and A. & F. B. Latady, of Birmingham, for appellant. N. L. Miller and N. A. Graham, Jr., both of Birmingham, for appellees.

MAYFIELD, J. This is a statutory action in the nature of ejectment. This is the second appeal. See opinion in former appeal (190 Ala. 556, 68 South. 301) for a statement of most all the facts and questions of dispute between the parties, as well as a discussion of most all the questions raised on this appeal.

The action is for a certain 20-acre tract of land which was once embraced with a larger tract of a deceased owner. To the widow of this deceased owner dower lands were assigned, the other lands of the estate being sold to pay debts, for distribution, etc.; but for some reason—possibly accident—this particular 20-acre tract was not so certainly or definitely described as to place it beyond doubt that the title thereto ever passed out of the heirs of the decedent, except by adverse possession of subsequent claimants. The insistence is made that it was included in the given inclosure of the dower lands, of which it formed no part, but that it was held under the same right and title as the dower lands were held; and that therefore this possession was not adverse to the heirs or those who claimed through the ancestor. This contention, however, was ruled against appellant on the former appeal. Great uncertainty intervenes, as to whether title was created, or defeated, by adverse possession, because there was no color of title as to it, the deeds conveying other parts of the land failing to describe it; but it is claimed that it was in fact sold, and was intended to be conveyed, and was possessed and held by the grantees believing that it was so conveyed.

Appellant is in error in treating the case as if the 20-acre tract in question were a part of the dower. It was not in fact a part thereof, and, as was decided before, was not held and could not be held by the doweress or those claiming under her as such. Her possession thereof, if any she had, was either adverse, or by sufferance of the heirs or the personal representative of her deceased husband. Counsel for appellant are also in error in treating the case as if the 20-acre tract in question was inclosed with the dower, so as to separate it from the other lands of the decedent. It was no more inclosed with the dower land than with

201 ALA.—2

the other lands—those sold by the personal representative.

One circumstance tending to confuse the possession of the 20-acre tract is that the widow and doweress remarried, and her second husband purchased the lands, other than the dower, belonging to the estate of her first husband. He did not purchase at the administrator's sale, but bought from those who did so purchase; and he and his heirs claim that he purchased the 20 acres in question, and that he held possession thereof, as a part of his purchase, though it was not described in his deeds, nor in the chain of title through which he claims. As his wife was holding the dower lands as dower, and he, the other, under claim of the fee, and the 20 acres in question was not described in the allotment of dower or in the husband's chain of title, though it was indisputably a part of the tract belonging to the first husband, confusion has arisen as to who was in possession of the 20-acre tract, and as to the character of that possession.

The sole question is whether or not the title to this 20 acres has ever been divested out of the heirs of the first husband. This question was fairly submitted to the jury, under proper instructions of the court, the charges practically following the law applicable to the case as declared by this court on the former appeal; and we find no reversible error in this record.

There was no error in refusing any of the appellant's requested charges. Some were bad because they took from the jury the question as to the character of the possession of the land in question; that is, whether or not it was adverse to appellant. Others were in effect affirmative charges for appellant, which was clearly not proper. Those were properly refused, which sought to instruct the jury that the mere fact that the 20-acre tract in question was included under the same fence with the dower lands rendered the possession of this tract of the same character as that of the dower lands. The opinion before pointed out one error in such charges. Another is the fact that the 20-acre tract was also included, under the same fence, with the lands which were sold, and as to which the fee passed. Others were properly refused because they sought to have the jury instructed that neither the widow nor those claiming through her could ever acquire title to the 20-acre tract by adverse possession. This was shown to be an erroneous conclusion, on the former appeal.

There was no error in giving either of the charges which were delivered at appellees' request. They each properly hypothesized facts which, if found by the jury to be true, would authorize a verdict in favor of appellees, under the doctrine of title acquired by adverse possession; there being no question as to the length of the possession, if it was characterized by the other necessary elements which were properly hypothesized.

What is required to constitute adverse possession has been repeatedly stated in the decisions of this court, and in Chastang v. Chastang, 141 Ala. 451, 458, 37 South. 799, 801, 109 Am. St. Rep. 45, reaffirming the doctrine, it was said:

"The essential elements of adverse possession are: (1) The possession must be hostile and under claim of right; (2) it must be actual; (3) it must be open and notorious; (4) it must be exclusive; (5) it must be continuous. If any of these constituents be wanting the possession will not effect a bar to the legal title."

These questions were fairly submitted to the jury, who found for appellees. We are unable to find any reversible error on the part of the trial court, which seems to have endeavored to follow the law as declared by this court on the former appeal. And we see no cause to now change the rulings there announced.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.