(76 South. 70)

STEWART BROS. v. RANSOM. (8 Div. 851.)

(Supreme Court of Alabama. May 10, 1917. Rehearing Denied June 30, 1917.)

1. TRIAL ⬤⇒150—SUFFICIENCY OF EVIDENCE— OBJECTION—FORM.

The sufficiency of plaintiff's evidence in an action of ejectment can be tested only by demurrer to the evidence or by defendant's declining to introduce evidence and requesting the affirmative charge, and it is error to exclude all of plaintiff's evidence for the reason that it does not make out a prima facie case, since the plaintiff has the right to have defendant go forward with his evidence, and so afford the plaintiff the opportunity, through cross-examination, to further attempt to prove his case.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 346-348.]

2. EJECTMENT ⬤⇒18 — GROUNDS OF ACTION — OUSTER.

Plaintiffs in ejectment cannot recover unless they show that they or one of their predecessors in title was ousted from possession by the defendant.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 65-73.]

3. EJECTMENT ⬤⇒86(3)—PRESUMPTIONS—POSSESSION.

Although possession is prima facie evidence of title in ejectment and may be sufficient to support recovery, yet when it is shown that the true title is in another, the intendment in favor of the possession ceases.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 239, 244.]

4. ADVERSE POSSESSION ⬤⇒85(1)—BURDEN OF PROOF.

In ejectment it devolves on one attempting to set up adverse possession to show the hostility of his possession to the title and right of possession of the true owner.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 498, 656, 657, 660, 668.]

5. EJECTMENT ⬤⇒90(1)—TITLE AND RIGHT TO POSSESSION—EVIDENCE.

Evidence offered by plaintiffs in ejectment of acts of ownership on the part of persons under and from whom they asserted no title does not benefit them.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 254.]

6. EVIDENCE ⬤⇒273(2) — EJECTMENT — TITLE AND RIGHT TO POSSESSION.

Declarations of a party in possession of land, either claiming or disclaiming ownership of property, are admissible in an issue of disputed ownership, no matter who may be parties to the suit.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1111, 1112.]

7. EVIDENCE ⬤⇒273(2) — EJECTMENT — TITLE AND RIGHT TO POSSESSION.

The declarations by one in possession of land as, to source of his title are competent only to show that he claims possession, not that he claims as purchaser under a proper conveyance from the former owner, or under color of title.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1111, 1112.]

8. ADVERSE POSSESSION ⬤⇒32 — COMPLIANCE WITH STATUTORY REQUIREMENTS.

Code 1907, § 2830, as to conditions on which title by adverse possession may be acquired, does not apply to a rightful possession, nor to possession under color of title, nor to possession under a bona fide claim of inheritance or purchase.

9. ADVERSE POSSESSION ⬤⇒114(1)—SUFFICIENCY OF EVIDENCE—STATUTE.

Plaintiffs in ejectment must rest their right of recovery on adverse possession under the statute, rather than on any of the exceptions contained in Code 1907, § 2830, as to conditions on which title by adverse possession may be required, where evidence shows that one through whom they traced title claimed it by purchase, and that he exhibited a deed to the property, but deed is not in evidence and name of grantor, date and terms of deed, and fact of acknowledgment not shown, other than that it was warranty deed.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 682, 683.]

Anderson, C. J., dissenting.

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Action by Stewart Bros. against W. T. Ransom in statutory ejectment. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

W. T. Lowe, of Decatur, for appellant. E. W. Godbey, of Decatur, for appellee.

THOMAS, J. The suit was in the nature of ejectment. The defendant pleaded the general issue.

The assignment of errors challenges the action of the trial court, taken on defendant's motion, excluding all of plaintiffs' evidence. It was this ruling of the court that made necessary the nonsuit, which was taken with a bill of exceptions. And thus there is presented the status, the basis of the decision in McCray v. Sharpe, 188 Ala. 375, 66 South. 441. See, also, Scales v. Central Iron & Coal Co., 173 Ala. 639, 55 South. 821; Mobile Light & Railroad Co. v. Portiss, 195 Ala. 320, 70 South. 136; Wise v. Curl, 177 Ala. 324, 58 South. 286; Western Union Tel. Co. v. Appleton, 190 Ala. 283, 67 South. 412; L. & N. R. R. Co. v. Bouchard, 190 Ala. 157, 67 South. 265; Athey v. T. C. I. & R. R. Co., 191 Ala. 646, 68 South. 154.

In each of the cases of Athey and Wise, supra, it was pointed out that the affirmative charge which was requested and given cured any error committed in thus excluding the plaintiff's evidence. The bill of exceptions recites that:

"Plaintiffs showed by evidence that the title to the land in controversy had passed out of the United States of America to the state of Alabama and from the state of Alabama to H. D. Moore before the commencement of this suit. Here the plaintiffs rested. Defendant made a motion to exclude all of the evidence of the plaintiffs, the court granted the motion, and excluded the evidence offered by the plaintiffs; to

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

this action of the court the plaintiffs then and there duly excepted. Because of this adverse ruling of the court in excluding all the evidence, the plaintiffs took a nonsuit with a bill of exceptions."

From the foregoing decisions it results that this cause must be reversed.

[1] Unless the sufficiency of the plaintiff's evidence be tested by a demurrer to the evidence, or by the defendant's declining to introduce evidence and requesting the affirmative charge, the plaintiff has the right to have the defendant go forward with his evidence, and so afford plaintiff the opportunity, through cross-examination, to further attempt to prove his case.

It is inconsistent to say that testimony offered in support of a plea of contributory negligence may not be tested by the plaintiff's motion to exclude, and yet that the right is available to the defendant to thus test the sufficiency of the plaintiff's evidence. This can be done only by demurrer to the evidence or by the request for the affirmative charge. McCray v. Sharpe, supra.

The granting of such defendant's motion to exclude all of the plaintiff's evidence, in the first instance, was clearly demonstrated not to be error without injury, and to be unjust, by Mr. Justice Mayfield, in his concurring opinion in Scales v. Central Iron & Coal Co., supra. The "inherent unfairness" of granting such a motion was shown by Mr. Justice McClellan, in McCray v. Sharpe, supra. These two cases were discussed in Mobile Light & Railroad Co. v. Portiss, supra. It is unnecessary to prolong the discussion at this time.

An expression found in Mobile, Jackson & Kansas City Railroad Co. v. Bromberg, Adm'r, 141 Ala. 258, 283, 37 South. 395, 401, 402, to the effect that "where the evidence of the plaintiff fails to make a prima facie case, the motion to exclude would be proper, and this upon the idea of its immateriality," has misled trial judges into permitting the substitution of the motion to exclude all of the plaintiff's evidence, for the demurrer to the evidence or for the affirmative charge. This expression in Bromberg's Case, and the expressions in the Scales and Portiss Cases, to the same effect, are not in harmony with the decision in McCray v. Sharpe, supra; and to that extent these cases are hereby modified.

Proof by the plaintiffs that the general government granted to the state of Alabama the lands in question, and that the state in turn granted the same to one Moore, without proof connecting plaintiffs or their mortgagor with said Moore, and without showing when the grant to Moore was made, precludes plaintiffs' recovery. Warten v. Weatherford, 191 Ala. 31, 67 South. 667; Ashford v. McKee, 183 Ala. 620, 62 South. 879; Chastang's Case, 141 Ala. 451, 37 South. 799, 109 Am. St. Rep. 45; Laster v. Blackwell, 128 Ala. 143, 30 South. 663; Stephenson v. Reeves, 92 Ala. 582, 8 South. 695;

200 ALA.—20

King v. Stevens, 18 Ala. 476, 477; Snow v. Tulley, 75 South. 164; 15 Cyc. 120, 121.

[2] There was no evidence tending to show that either the plaintiffs, or Vest, the purchaser at the alleged foreclosure sale, or Lynn, the mortgagor, held possession of the lands in question until the defendant, Ransom, entered thereon. The fact that there was no ouster by the defendant was fatal to the plaintiffs' right of recovery under the present record. Rucker v. Jackson, 180 Ala. 109, 60 South. 139, Ann. Cas. 1915C, 1058; McCreary v. Jackson Lumber Co., 148 Ala. 247, 41 South. 822; Sabariego v. Maverick, 124 U. S. 297, 298, 8 Sup. Ct. 461, 31 L. Ed. 444.

[3] Although possession is prima facie evidence of title, and may be sufficient to support recovery in ejectment, yet, when it is shown that the true title is in another, the intendment in favor of the possession ceases.

[4, 5] Here, the record shows that the land passed from the United States to the state of Alabama, and from the state by grant or conveyance to H. D. Moore. In the face of this statement of the title, if the evidence showed Lynn's possession to have extended to the whole tract, the intendment in favor of such possession would cease. The law does not presume that the possessor does the wrong of disseising the true owner. It devolves upon one attempting to set up adverse possession to show the hostility of his possession to the title and right of possession of the true owner. Brown v. Cockerell, 33 Ala. 38, 45; Walker v. Wyman, 157 Ala. 478, 484, 47 South. 1011. And evidence offered by the plaintiffs of acts of ownership on the part of persons under and from whom they asserted no title cannot, in the present state of the record, be of benefit to them. Laster v. Blackwell, supra.

Plaintiffs sought to establish title by showing that before the suit was brought in 1913 the lands in question were largely in woods, and had been in the possession of one Lynn for about nine years; that there were no improvements thereon, and only a small acreage was in cultivation. The cultivated tract was indefinitely described as extending north and south "about 350 yards," and "east and west on an average of about 150 yards." The time of this cultivation was likewise indefinite. There was a tendency of the evidence to the effect that in 1905 there was a clearing of about one-half an acre "lying back of a shanty on the south side"; that about from three to seven years before the trial the balance of the clearing that was done on the land was completed; by whom, it was not indicated. Defendant, as a witness, stated that he paid the taxes on the land one year, had been in possession of the land about 12 months, and made a crop thereon in 1914, after W. M. Lynn "had left the country."

Touching Lynn's possession, there was evi-

dence tending to show that he erected two houses thereon, cultivated a portion, had wood removed therefrom, "claimed that he purchased it," and built a small pasture. The locations of this inclosure, of the houses, of the cultivated portions, and of the tracts whence the wood was cut, were not definitely shown. His daughter testified that while Lynn was on the land, he claimed to hold it by purchase. Smith v. Bachus, 195 Ala. 8, 70 South. 261. There was other testimony to the effect that in Decatur he exhibited a deed describing the land, yet the witness could not tell its date, nor whose name was signed as grantor, if any was, did not remember whether it was acknowledged, nor whether it contained the words, "bargain, sell, and convey," but stated that it was a "warranty deed," and that witness took Lynn's mortgage on the land "about the 18th of April, 1913."

[6] The effect of the decision in Owen v. Moxon, 167 Ala. 623, 52 South. 527, touching declarations by one in the possession of land, as to the source of his title, was that such declarations, whether by one in possession or not, "are not admissible in evidence as against another" (Doe v. Clayton, 81 Ala. 391, 2 South. 24; Daffron v. Crump, 69 Ala. 77), but that "a party in possession of land may make declarations explanatory of his possession," either claiming or disclaiming ownership of the property, and that such declarations may be given in evidence, in an issue of disputed ownership, no matter who may be parties to the suit. Possession being the principal fact, such declarations are admissible, as a part of the res gestæ of the possession itself, and are so admissible when made by the "party while on the land, or in possession thereof, whether actually on the land or not at the time of making the same." Payne v. Crawford, 102 Ala. 398, 14 South. 854; Smith v. Bachus, supra.

[7] Such declarations of Lynn, as to the source of his title, were competent only as tending to show that he claimed possession; not that he claimed as purchaser, under a proper conveyance from the former owner, or under color of title.

The trial court properly excluded the account of Stewart Bros. against Lynn because not proven as required by law. Code 1907, § 4003; Shirley v. Southern Railway Co., 73 South. 430.[1] The future advances, to be made by them under the mortgage, were not definitely shown.

[8] It has been uniformly held that section 2830 of the Code of 1907, and its predecessor, section 1541 of the Code of 1896, have no application to a rightful possession, nor to possession under color of title, nor to possession under a bona fide claim of inheritance or purchase. Mobile & G. R. R. Co. v. Rutherford, 184 Ala. 204, 63 South. 1003; Dixon v. Hayes, 171 Ala. 498, 502, 55 South. 164; Owen v. Moxon, supra.

[9] The plaintiffs cannot place themselves

[1] 198 Ala. 102.

without the statute by the uncertain evidence disclosed by the record as to the nature of Lynn's claim of possession. Without more, they must rest their right of recovery upon adverse possession under the statute, rather than upon any one of the several exceptions contained in section 2830 of the Code.

Plaintiffs having offered some material evidence, though not proof sufficient to establish their prima facie right to recovery, it follows, upon the authority of McCray v. Sharpe, supra, that the court committed reversible error in granting defendant's motion and excluding plaintiffs' evidence, instead of requiring the sufficiency of the evidence to be tested as pointed out in the foregoing authorities.

For guidance on another trial of this cause, see the recent constructions of section 2830 of the Code of 1907 in Perolio v. Woodward Iron Co., 73 South. 197,[2] and Snow v. Tulley.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, MAYFIELD, SAYRE, SOMERVILLE, and GARDNER, JJ., concur. ANDERSON, C. J., dissents.

MAYFIELD, J. The doctrine of error without injury, or harmless error, ought not to be applied where a litigant is denied rights guaranteed to him by the express provisions of the Constitution and statutes. Intentional violation of express laws ought not to be justified or excused on the ground that no injury results therefrom. To apply the stated doctrine to such cases encourages evasions and infractions of the laws. When it is made to appear to an appellate court that a litigant in the trial court was arbitrarily deprived of constitutional or statutory rights, as in this case, the right of jury trial in the mode prescribed by law, and therefore "due process," the court will not look to see if any other injury was suffered. Surely, it is injury enough to intentionally deprive a litigant of such rights, which are expressly guaranteed to him by the organic law. If this be not enough injury to reverse, surely it is enough when the trial court, in addition, takes burdens off one litigant and imposes them on another.

Let us apply these principles to the case in hand: The Constitution of this state guaranteed to the plaintiff in this case the right of jury trial and due process of law. Under the statutes and the common law of this state a plaintiff who has introduced any evidence to prove the case made by his complaint has now, and from the origin of the state has had, the right to have a jury pass upon the weight and sufficiency of that evidence. This state has always held to the "scintilla" doctrine of evidence as being necessary to fully protect this right of jury trial. When the plaintiff rests, if the defendant conceives the

[2] 197 Ala. 560.

idea that the plaintiff's evidence is insufficient to go to the jury, the law expressly provides how he can do this; that is, by a demurrer to the evidence, which makes the whole matter one of record, the evidence as well as the pleading. If the defendant should be in error, the burden the law imposes on him is that a judgment be rendered against him, and for the plaintiff.

If the defendant concludes that the plaintiff has introduced no evidence to prove any material allegation of his complaint, the law expressly provides that he may ask in writing the instruction to find for the defendant, and that thereupon the court must, in writing, give, or refuse to give, such instruction to the jury. In this case the plaintiff has the same right to ask the court in writing to instruct the jury that if they believe the evidence they must find a verdict for plaintiff. In this manner the whole case, by express statutory provisions, is made matter of record; and this course must be taken before the law allows the court or the judge to pass upon the effect of the evidence. The statute expressly prohibits the trial judge from passing on the effect of the evidence unless the mode prescribed by law is followed. Here, again, the law imposes a burden on the defendant, which is that, if he should be in error as to the effect of the evidence, the verdict and judgment will go against him.

The undoubted law of this state has ever been that, where a plaintiff introduces any competent and relevant evidence tending to prove any count of his complaint, he has a right to go to the jury and have them pass upon its weight and sufficiency, unless taken from the jury, by making the evidence matter of record, in one of the modes provided by law; and the court is expressly prohibited from passing upon its weight, sufficiency, or effect until it is made matter of record in the mode provided by law. The trial court or judge is not presumed to pay any attention to the evidence, except as to its relevancy, competency, or admissibility. The Constitution and the statutes prohibit him from passing upon its weight, sufficiency, or effect; and he can never lawfully do so until it is made matter of record, and presented to him as matter of record. The only attempted justification of the trial court's excluding all of the plaintiff's evidence is that it is insufficient. If the court excludes it, its sufficiency, weight, and effect is thereby passed upon by the court, and not by the jury; and the express provisions of the Constitution and of the statutes are thereby violated. If the trial court thus violates the law, and thus deprives the plaintiff of his rights, the plaintiff can protect himself against a judgment final only by taking a voluntary nonsuit with a bill of exceptions, another express right conferred on him by statute.

Is the plaintiff to be deprived of the benefits of this statute, by this court, as he was of the other statutes, by the lower court, on the doctrine of error without injury? Must this court join with the trial court in depriving the plaintiff of the rights which the law has conferred upon him by express provisions? How is it possible to apply the doctrine of error without injury when a nonsuit is taken, as in this case, without wholly depriving the plaintiff of the benefits of the statute as to voluntary nonsuits? On this appeal he would not raise any question as to the sufficiency or effect of the evidence. If it be made matter of record, so that we can pass upon its sufficiency, it must be made so by the trial court or by the defendant, and not by the plaintiff. The sole purpose of the plaintiff in taking the nonsuit, and the appeal, is that he may have the sufficiency and effect of his evidence tested and passed upon, in the mode and manner provided by the Constitution and statutes. Is this court to deny him all these rights, under the doctrine of error without injury? Surely not.

Suppose that a trial court should say to a plaintiff, "The law gives you the right to a jury trial in this case, but I am going to take the law in my own hand, and try the facts myself;" and the plaintiff excepts to such action, but the court proceeds without a jury and hears the evidence, and renders judgment for the defendant, and the plaintiff appeals. The doctrine of error without injury ought not to be applied in that case, to affirm the judgment rendered in violation of the Constitution and statutes; but it could then be applied with more show of justice than if the plaintiff had taken a nonsuit on the refusal of the trial court to allow him a jury trial, and so prevented a judgment final against him.

These two cases, I concede, are extreme ones; but the principles of law involved and violated are the same as where the trial court excludes all of the plaintiff's evidence on the ground that it is insufficient.

This doctrine of error without injury was attempted to be applied when an express statute was ignored which required the court, and not the jury, to fix the punishment.

The contention was answered in this wise:
"The Legislature has the sole power to direct the courts in what manner they shall proceed in the trial of a cause. When this is done, their direction becomes the rule which forms a part of the 'due course of law,' which it is the right of the defendant to have administered. It becomes the way, and the only way, unless the Legislature has enlarged it with exceptions. The court cannot substitute its reason for the law. Reason ceases to be the guide when the law is known. It is only when the law is uncertain, that 'right and justice' become the rule. Then reason may aid in the search after these." Leoni v. State, 44 Ala. 114.

Counsel, in their application for a rehearing, rely upon the ruling and what was said in the case of Randolph v. State, 100 Ala. 139, 14 South. 792, and other cases, as being applicable to the present holding. The answer to this contention is that the statutes as to demurrers to evidence and voluntary

nonsuits do not apply to criminal cases, but are limited to civil cases. Martin v. State, 62 Ala. 240.

Moreover, in the Randolph Case and others like it, there was no proof of venue, and, the venue not being waived, but insisted upon by both the motion and a charge, the trial court had no jurisdiction, and of course should have discharged the defendant for want of jurisdiction.

The statutes as to demurrers to evidence and to nonsuits by their terms are limited to civil suits. Demurrers to evidence are sometimes spoken of in opinions in criminal cases, but it is not the statutory right of demurrer, nor, strictly speaking, the common-law right. See Brister's Case, 26 Ala. 127.

THOMAS, J., concurs in the above views of the writer.

ANDERSON, C. J. (dissenting). I cannot concur in the opinion or conclusion of the majority. As I understand this case, the plaintiff, after offering all his evidence, rested, and the evidence so introduced by him failed to make out a prima facie case, yet, my Brothers hold that the case should be reversed because of the exclusion of said evidence. In other words, this case is reversed for the exclusion of the evidence when the trial court could have properly directed a verdict for the defendant had the evidence not been excluded. Therefore I am unable to see how the plaintiff sustained injury because of the exclusion of his evidence when the defendant was entitled to a judgment had the said evidence not been excluded. The plaintiff did not make out a case, and to my mind it is illogical to hold that he was injured by the exclusion of his evidence. I am willing to concede that the rule of excluding all of the plaintiff's evidence, before requiring the defendant to rest his case, is not to be commended, as it gives the defendant a chance to speculate, notwithstanding said rule was approved in the Bromberg Case, 141 Ala. 258, 37 South. 395. But when the plaintiff rests before making out a prima facie case, the defendant is then entitled to a judgment, and it matters not what route the trial court may take to reach the inevitable result in giving the defendant what he is entitled to have. I think that this is plainly a case for the application of the doctrine of error without injury, under the repeated decisions of this court and regardless of rule 45. Athey v. Tenn Coal Co., 191 Ala. 646, 68 South. 154; Wise v. Curl, 177 Ala. 324, 58 South. 286, 6 Mayfield's Dig. pp. 325–327. But if such is not the case, then if rule 45 does not apply, I am at a loss to conceive of a case to which it should apply. Said rule reads as follows:

"Hereafter no judgment will be reversed or set aside, nor new trial granted by this court or by any other court of this state, in any civil or criminal case, on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure unless in the opinion of the court to which the appeal is taken, or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties." 175 Ala. p. xxi, 61 South. ix.

How did the exclusion of the evidence so affect any substantial right of the plaintiff as to injure him? He showed his hand and rested his case and failed to prove a state of facts that could take the case to the jury. The only idea upon which he sustained injury must rest upon the remote imagination or speculation that if the evidence was not excluded, the defendant would not have rested, but would have proceeded to put witnesses upon the stand and prove a case for the plaintiff, which he himself had failed to do, a contingency too remote and conjectural to afford a ground for reversal, especially in the face of rule 45. This was an action of ejectment, and my Brothers are reversing the case notwithstanding it is conceded that the plaintiff introduced all his evidence, rested, and failed to make out a case. I think that the judgment should be affirmed, and therefore dissent.