(109 So. 123)

**BAILEY v. PORTER.    (8 Div. 344.)**

(Court of Appeals of Alabama.   June 1, 1926.)

**I. Trial ⬗158.**

Motion to strike out the evidence for plaintiff is not proper practice in civil case.

**2. Trial ⬗143.**

General affirmative charge is properly refused, where evidence is conflicting.

---

Appeal from Circuit Court, Madison County; O. Kyle, Judge.

Action on account by G. N. Porter against H. T. Bailey. From a judgment for plaintiff, defendant appeals. Affirmed.

S. H. Richardson, of Huntsville, for appellant.

Counsel argues for error on the trial and cites 30 Cyc. 457.

E. D. Johnston, of Huntsville, for appellee.

The question of liability was one for the jury, the evidence thereon being in conflict.

BRICKEN, P. J. G. N. Porter and H. T. Bailey were partners in a grocery business in Huntsville, Ala. They dissolved the partnership. Among the terms, agreed upon was that Mr. Bailey should assume certain obligations, at the bank, owed by the partnership, and Mr. Porter was to pay an indebtedness that he owed the partnership. The remainder of the agreement is in dispute. Mr. Porter's claim is that Mr. Bailey was to pay him $500 for his interest in the partnership, and in addition pay him $150 as a salary or withdrawal interest for the month of February. Mr. Bailey admits that he was to pay $500 for Mr. Porter's interest, and it is undisputed that the $500 was paid. The difference between the parties is regarding the $150 referred to as salary or withdrawal interest. To quote from the record:

"Plaintiff testified that under the partnership agreement he and defendant had the right to withdraw from the firm $150 per month, and that what he had termed salary was this withdrawal interest, and that defendant promised to pay plaintiff $150 for this withdrawal interest in addition to the $500 check, and the payment of the firm's note to the bank; that this was a part of the dissolution agreement."

Mr. Porter was examined as a witness in his own behalf, and, among other things, testified:

"That check was given me on March 5th for $500. but prior to receiving this check I demanded my salary. This was on the morning of March 5th, before I accepted this $500 check. I told Mr. Bailey I hadn't drawn my salary for February, and I would like for you to write me a check for that. He spoke up and said he thought that this was in the sale. I said, 'No, sir; that wasn't in the sale, and you very well know it'; that I was not selling my salary that was already earned; that it was past due, it was due three days back of that. I told him I certainly would contend for the salary. He spoke up then and said, 'I will pay you your salary check for $150 now, and I don't want you to ever speak to me again.'"

The evidence introduced by Mr. Bailey contradicts the evidence introduced by the plaintiff. The defendant's evidence tends to show that he did not agree to pay the $150 claimed, and that he was in no way liable therefor.

[1] There are two assignments in the case. The first relates to the action of the trial court in overruling a motion to strike out the evidence of the plaintiff. This is not proper practice in a civil case. McCray v. Sharpe, 188 Ala. 375, 66 So. 441; Scales v. Central Iron & Coal Co., 173 Ala. 639, 55 So. 821.

[2] The second assignment of error relates to the action of the trial court in refusing the general affirmative charge, with the hypothesis requested by the defendant. A mere reference to the evidence set out above is sufficient to show that the trial court committed no error in this respect.

The judgment appealed from is affirmed.

Affirmed.