(126 So. 847)

## ALABAMA POWER CO. v. BALEY.

(7 Div. 909).

Supreme Court of Alabama.

March 13, 1930.

Hood & Murphree, of Gadsden, and Martin, Thompson, Turner & McWhorter and Frank N. Savage, all of Birmingham, for appellant.

L. B. Rainey, of Gadsden, for appellee.

ANDERSON, C. J.

The jury found a verdict for the plaintiff under the third or wanton count of the complaint. The injury occurred at a street crossing, that is Tenth street, and three blocks from the Alabama City post office, but there was no proof as to the frequency as to the use of said crossing at or about the time of the accident, and, from aught appearing, said crossing may have been seldom or infrequently used at this time of the day. The evidence shows that the motorman did all in his power to avoid the collision after discovering the approach of the truck, so, if wantonness was shown, it must be placed upon the antecedent conduct of the motorman. It may be conceded that the motorman was familiar with conditions, having worked for defendant as such for a considerable length of time, that he approached the crossing without signal or warning, a disputed fact, and that the car was going at from twenty to twenty-five miles an hour, and these facts may have made a case for the jury for simple negligence, still, it does not make out a case of wanton misconduct unaccompanied with some evidence tending to show that the crossing was a populous one, that is, that it was used with frequency at the hour of the day when the collision occurred. We have repeatedly held that rail-

roads and street railways may be guilty of wantonness in running trains at a dangerous rate of speed without lookout or warning at certain points where it is known to the engineman or motorman that people are liable to be there to the extent of rendering such conduct dangerous. "This rule applies to populous crossings, or points in cities, towns, and villages where many people get upon the roadbed." Whitehead v. St. Louis & S. F. R. Co., 179 Ala. 314, 60 So. 930, 931, and cases cited. True, the evidence showed considerable travel on the main street which ran parallel with defendant's track, but there was no evidence tending to show that this crossing was frequently used or the nature or character of same. It must also be observed that the defendant's track, at this point, was not in or upon a street, and the only theory upon which wantonness was attempted was that the car was run at a great rate of speed over a crossing without warning, and, in order to have done so, the evidence should show that the crossing was such a populous one as to charge the motorman with a consciousness that his conduct would probably produce injury to those attempting to cross over.

The trial court erred in refusing the general charge requested by the defendant to the wanton count of the complaint, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, THOMAS, and BROWN, JJ., concur.