(123 So. 602)

**DOROUGH v. ALABAMA GREAT SOUTH-ERN R. CO.**

2 Div. 946.

Supreme Court of Alabama.
May 29, 1930.

Thos. F. Seale, of Livingston, for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

## BROWN, J.

While the plaintiff was driving a school bus along a public street in the town of Cuba, Ala., across defendant's railroad tracks at a public crossing, said bus was run upon by a locomotive pulling a freight train on defendant's railway, demolishing the bus and inflicting personal injury upon the plaintiff.

This suit is to recover damages for the personal injury and property loss suffered.

The first count of the complaint ascribed the plaintiff's injury and damage to the negligence of the defendant's agents in the operation of said locomotive; the second count to subsequent negligence (negligence after the discovery of peril); and the third count to wantonness.

█ There was evidence tending to show that the crossing at which the collision occurred is a populous and much frequented crossing at the hour the accident occurred, and that the train approached said crossing on a curve, without signals of its approach, running twenty miles per hour. There is an absence of evidence showing or tending to show that defendant's servants engaged in operating said locomotive had notice or knowledge of the crossing and the frequency of its use, facts essential to the imputation of wantonness. Alabama Power Co. v. Baley, 220 Ala. 540, 126 So. 847.

█ There was also an absence of evidence going to show that plaintiff's peril was discovered by those in charge of the locomotive. This necessarily eliminated the issue of subsequent negligence.

██ However, the evidence is without dispute that the collision occurred within the town of Cuba near the railroad station at a public street crossing. This evidence made a prima facie case under the simple negligence count, and under the statute the burden was on the defendant to reasonably satisfy the jury that the signals required by the statute (Code 1923, § 9952) were given. Code 1923, § 9955; Central of Georgia Ry. Co. v. Moore, 200 Ala. 213, 75 So. 971.

After the plaintiff closed his testimony, and the plaintiff had been recalled for further cross-examination, giving testimony showing without dispute that he failed to stop, look, and listen, that his motor was running and his curtains down, that when he discovered the approaching train and its proximity to the crossing, he made an effort to get across before the train reached the crossing, but failed, the defendant made motion to exclude all the plaintiff's evidence on the following grounds:

"1. That no negligence shown on part of defendant.

"2. That there was proximate contributory negligence on part of plaintiff.

"3. That there is no testimony to support wantonness.

"4. That testimony shows by plaintiff that all curtains were down and engine running; did not stop, look and listen according to his own testimony.

"5. If there was negligence on part of defendant there was contributory negligence on part of plaintiff proximately contributing to his own damage.

"6. That there is no subsequent negligence shown on part of defendant's agents or servants on the occasion complained of."

The court granted the motion, excluded all the evidence, and because of this ruling the plaintiff took a nonsuit with bill of exceptions.

█ The practice of entertaining a motion by the defendant, at the conclusion of the plaintiff's evidence, to exclude the evidence, has been repeatedly and consistently condemned.

In Mobile, Jackson & Kansas City R. R. Co. v. Bromberg, Adm'r, 141 Ala. 283, 37 So. 395, 401, the court observed: "The second ground [of the motion to exclude plaintiff's evidence] is upon the theory, as urged in argument by counsel for appellant, that the testimony introduced by the plaintiff himself established the truth of the plea of contributory negligence. Conceding this to be true, then the proper course to pursue was, not by motion to exclude the evidence, but by appropriate instructions to the jury from the court, requested in writing by the defendant. * * * To have sustained the motion in the present case, where a prima facie case as alleged in the complaint was shown, upon the theory that the plaintiff's evidence also sustained the defendant's plea of contributory negligence, would have been to take from the jury the right to pass on the credibility of the testimony, which the plaintiff was entitled to have done. Smith v. Kaufman, 100 Ala. 410, 14 So. 111." See, also, Oliver's Garage v. Lowe, 212 Ala. 602, 103 So. 586; Eggleston v. Wilson, 208 Ala. 167, 94 So. 108; McCray v. Sharpe, 188 Ala. 375, 66 So. 441.

And in Stewart Bros. v. Ransom, 200 Ala. 304, 76 So. 70, it was ruled that though the evidence offered by the plaintiff did not present a prima facie case for the plaintiff, it was reversible error for the court to entertain and grant a motion to exclude all the evidence.

██ While courts of justice are established and maintained for the administration of justice, and not merely to afford parties an opportunity to match wits and play a game of chance, and to that end it is necessary, in so far as is possible, to develop the facts and ascertain the truth in every case; still, when the plaintiff invokes the powers of the court in his case he assumes the burden of

showing prima facie that his case is one of merit, and if his own testimony is clear to the point that his case is without merit, no injury results to him, if the court refuses to allow further inquiry as to the facts, and this is so though it be conceded that when there is any dispute in the evidence, it is his right to have the jury pass upon the credibility of the testimony.

 The plaintiff having testified to facts which clearly show that he was guilty of contributory negligence, it cannot be assumed that the jury would have disregarded this testimony, and especially when there is nothing to the contrary. Going, pro ami v. Alabama Steel & Wire Co., 141 Ala. 537, 37 So. 784.

 The burden is on the appellant not only to show error, but to show that he has probably been prejudiced by the error. Mobile Light & Railroad Co. v. Portiss, 195 Ala. 320, 70 So. 136; McCray v. Sharpe, supra; Wise, Administrator, v. Curl et al., 177 Ala. 324, 58 So. 286; Athey v. Tennessee Coal, Iron & Railway Co. et al., 191 Ala. 646, 68 So. 154.

Stewart Bros. v. Ransom, supra, in so far as it holds that the granting of a motion to exclude is reversible error where the plaintiff's evidence fails to make a prima facie case, is unsound in principle, contrary to the weight of the decisions of this court, and is to that extent overruled.

There being no reversible error on the record, the judgment will be affirmed.

Affirmed.

All the Justices concur.