(131 So. 891)

**BAILEY v. LETT et al.**

6 Div. 730.

Supreme Court of Alabama.
Jan. 15, 1931.

Erle Pettus, of Birmingham, for appellant.

Chas. W. Greer and J. K. Taylor, both of Birmingham, for appellees.

**ANDERSON, C. J.**

This is an action by the plaintiff against the defendants for the enticement and alienation of the plaintiff's wife. While there are numerous assignments of error, we will only treat those properly pointed out and insisted upon in brief of appellant's counsel.

The appellant complains of the action of the trial court in excluding all of the plaintiff's evidence in so far as it related to one of the defendants, "Jim Lett." There is nothing in the brief, however, to point out or designate any particular or special evidence tending to connect "Jim Lett" with the charge, and we are unable to find any on this point, except the fact that upon the wife's request he gave her the name of an attorney suitable to get her divorce, and after the separation went with her to see this said attorney. This in no wise connected Jim Lett with the previous enticement or alienation.

It is urged, however, that, even if this be true, sustaining the motion to exclude was reversible error, citing the case of McCray v. Sharpe, 188 Ala. 375, 66 So. 441. This case merely condemns this method of eliminating the evidence, and does not determine the question of error without injury in case the evidence was insufficient to make out a case against the movant. In the case of Stewart Bros. v. Ransom, 200 Ala. 304, 76 So. 70, this practice was condemned and the case was reversed, notwithstanding the evidence failed to make out a prima facie case for the plaintiff. But this Stewart Case was expressly overruled by the case of Dorough v. A. G. S. R. Co., 221 Ala. 305, 128 So. 602.

It appears from the weight of authorities that either spouse in actions of this character may recover for the alienation of the other's affection, notwithstanding a subsequent decree of divorce or separation secured by either of them. 30 C. J. p. 1127. It may be that it was admissible, however, to show that the wife had filed a bill for divorce as a circumstance tending to show the nature and intention with which she left the husband. At any rate, the trial court permitted the plaintiff, not the defendants, to introduce the bill for divorce.

The answers and demurrers and petitions in said divorce proceedings were of no legal relevancy, and the trial court did not err in sustaining the defendants' objection to the same. Had the defendants introduced the bill for divorce, there might be some force in the plaintiff's contention that the answer should also have been received, but the bill for divorce was introduced by the plaintiff, and we know of no rule of evidence requiring the court to continually receive irrelevant, cumulative evidence.

Assignment of error 22 is as follows: "In overruling plaintiff's motion to exclude statement of the witness, Mrs. O. E. Bailey, 'That he quit her on the ground that she told him that he did have a venereal disease.' (Page 65 of the transcript.)"

On said page we find the following motion to exclude: "Counsel for plaintiff moved to exclude the statement that he quit her on the ground that it is a conclusion of the witness, and invades the province of the jury."

The assignment of error does not conform to the motion to exclude; nor does the motion to exclude necessarily cover the assignment of error. The motion to exclude is directed only to the fact that "he quit her." The fact that he quit her was not a mere conclusion of the witness, and did not invade the province of the jury.

The evidence brought out under assignments of error 27, 29, and 33 were denials of certain facts, showing a connection with the separation between the plaintiff and defendant, and tended to rebut the plaintiff's charge that the witness, who was one of the defendants, caused or procured the separation.

The judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and FOSTER, JJ., concur.