(134 So. 822)

## L. D. KING STORE CO. v. THOMAS.

### 3 Div. 674.

Court of Appeals of Alabama.
April 14, 1931.

Rehearing Denied May 19, 1931.

Edwin C. Page, Jr., of Evergreen, for appellant.

Jones & Jones, of Evergreen, for appellee.

RICE, J.

This was a suit upon an account stated, alleged in the complaint as due from the appellee (defendant) to the appellant (plaintiff).

In the lower court the appellant took a nonsuit, with a bill of exceptions, giving, as the cause, the action of the court in sustaining appellee's motion to exclude all the evidence offered on behalf of the plaintiff (appellant).

The appellant established by the evidence that the journal and book of original entry containing the account of appellee had been previous to the bringing of the suit destroyed by fire, and that the only record of the account consisted of "a balance brought forward," on another book. The sole attempt to prove the account was by the offer to introduce in evidence this book containing the "balance brought forward." Upon objection by appellee, it was rejected. We think properly so.

The book offered, with its contents, was not one of the "books of account" made admissible in evidence, etc., under the provisions of Code 1923, § 7701.

If it be conceded that it mattered, we might express the opinion, which we hold, that the court was in error in its view that the fact that the bookkeeper Ober was residing in another state did not show him to be inaccessible to the court trying the case. But even so, still conceding that it was of materiality, plaintiff's (appellant's) testimony showed "Mr. Lee" to have been his bookkeeper, as much so as was Ober. And "Mr. Lee's" inaccessibility was not so shown.

At any rate, as the case is presented here, the sole testimony offered being inadmissible, it was proper for the court to reject same, or, as it is stated by appellant, "exclude all the plaintiff's evidence." Dorough v. A. G. S. R. R. Co., 221 Ala. 305, 128 So. 602, 603.

We have not overlooked appellant's abortive attempt to prove that the account sued upon had become an "account stated,"

etc. But the proof in this regard was totally deficient in that, in the first place, the same was of a fatally indefinite nature as to the amount of the account, and, in the second place, there was no proof that the said "account stated" was due appellant, from appellee, and unpaid."

There was no prejudicially erroneous ruling made by the trial court, and the judgment appealed from is affirmed.

Affirmed.